Suzanne CHHIM, Appellant,

v.

UNIVERSITY OF HOUSTON and Tom Wray, Director, Physical Plant, Appellees.

No. 06–01–00129–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 28, 2002.

Decided May 2, 2002.

Rehearing Overruled May 29, 2002.

Kevin R. Michaels, Law Offices of Kevin R. Michaels, PC, Houston, TX, for appellant.

Bradley D. McClellan, Office of the Attorney General, Tort Litigation Division MC–030, Austin, TX, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Suzanne Chhim filed suit against the University of Houston (UH), and the director of UH's physical plant, Tom Wray, for wrongful termination and for violation of civil rights under Title VII, Civil Rights Act of 1964. Chhim filed suit April 25, 2000, alleging she was terminated because she notified UH and Wray of her intent to file a worker's compensation claim, and because she was discriminated against on the basis of national origin. UH and Wray filed a motion for summary judgment pursuant to Tex.R. Civ. P. 166a(b), (i). The trial court granted this motion on May 22, 2001. Chhim's motion for new trial was denied June 29, 2001.

In three points of error, Chhim asserts the trial court erred in granting summary judgment because: 1) genuine issues of material fact remain on each element of her wrongful termination claim; 2) the evidence brought forward by the appellees was incompetent and thus incapable of supporting the motion; and 3) she brought forward sufficient evidence of her wrongful termination claim to avoid sum-

mary judgment. Chhim has not presented any points of error or argument related to her Title VII claim.[1] Therefore, only the wrongful termination claim is before this Court.

Chhim was hired by UH as a lead custodian on July 27, 1997. Pursuant to UH policy, Chhim was hired on a probationary basis, meaning she was subject to termination without application of the standard discipline and dismissal policy procedure during her first six months of employment. Chhim was unable to work December 15, 1997, because she sustained·an injury at her home. Chhim alleges that, while working at UH on December 16, 1997, she injured her back when she tripped over some equipment in a storage closet. Chhim went home, unable to continue working. The next day, she reported her injury to an unidentified receptionist at the UH custodial services/physical plant office. She requested paperwork from UH by telephone on December 18 in order to file a worker's compensation claim. Chhim cannot specifically identify to whom she spoke on either occasion.

After taking her to the doctor on December 17, Chhim's husband dropped off at UH a copy of a doctor's note explaining Chhim had been injured the night before. He states in his affidavit he took two additional medical notices to the custodial services/physical plant offices on December 22, 1997, or January 6, 1998. On at least one of those occasions, he also informed an unspecified person at UH of Chhim's intent to file a worker's compensation claim. He was also unable to identify any individual whom he contacted or who might have received information about Chhim's injury.

UH sent Chhim a letter, dated January 9, 1998, terminating her employment effec-tive December 19, 1997. The stated reason was unsatisfactory job performance. Chhim called UH on January 12 and talked to Billy Underwood, the UH workers' compensation claims coordinator, and reported her injury to him. Chhim completed and submitted an "Employee's Report of Injury" to Underwood, which was forwarded to the state office of risk management for review.

Chhim brought this suit for wrongful termination under TEX. LAB.CODE ANN. § 451.001 (Vernon 1996) and for violation of her federal civil rights under Title VII. She alleged, among other things, that she was fired only after and because she indicated her intent to file a worker's compensation claim for her injuries sustained on December 16, 1997. Chhim subsequently abandoned her Title VII claim, and that issue is not before this Court. UH and Wray jointly filed a motion for summary judgment based on TEX.R. CIV. P. 166a(b), (i). The trial court granted the motion after a hearing.

When reviewing a summary judgment, this Court must view the evidence in favor of the nonmovant, resolving all doubts and indulging all reasonable inferences in favor of reversal of the summary judgment. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex.1985). The standards that must be applied when reviewing a summary judgment have been clearly mandated by the Texas Supreme Court:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding

---

1. The record shows Chhim did not timely file her Title VII claim in the trial court. She was sent a right to sue letter on July 16, 1999, granting ninety days to bring suit. She did not add a Title VII claim to her amended petition until September 1, 2000.

summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* at 548–49. Further, this Court must not consider evidence that favors the movant unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

A defendant-movant is entitled to summary judgment if such party establishes, as a matter of law, that at least one element of the plaintiff's cause of action does not exist. *Sakowitz, Inc. v. Steck,* 669 S.W.2d 105, 107–08 (Tex.1984). The judgment of the trial court cannot be affirmed on any ground not specifically presented in the motion for summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 675 (Tex.1979). UH and Wray filed a joint motion for summary judgment on grounds that 1) the Title VII claim must be dismissed as untimely, 2) the Title VII claim must be dismissed for failure to exhaust administrative remedies, 3) Chhim failed to establish a prima facie case for retaliatory discharge, and 4) UH had a legitimate reason (poor performance) to terminate Chhim. We need not address the first two grounds, as Chhim has abandoned the Title VII claim on appeal.

■■■ Chhim argues the evidence brought forward by the appellees was incompetent and thus incapable of supporting the motion for summary judgment. The standards for determining the admissibility of evidence in a summary judgment are the same as those applied at trial. *United Blood Servs. v. Longoria,* 938 S.W.2d 29, 30 (Tex.1997). Decisions on the admissibility of evidence are left to the sound discretion of the trial court. *Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex.1998). To obtain reversal of a judgment based on the admission or exclusion of evidence, a party must show that the trial court committed error and that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Tex.R.App. P. 44.1(a)(1); *McCraw v. Maris,* 828 S.W.2d 756, 758 (Tex.1992).

■■■ An affidavit for summary judgment must set forth specific facts, not legal conclusions. *Texas Dep't of Corr. v. Sisters of St. Francis of St. Jude Hosp.,* 753 S.W.2d 523, 525 (Tex.App.-Houston [1st Dist.] 1988, no writ). The affidavit must allege specific facts of a nature that can be effectively countered by opposing evidence. *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex. 1989). If the credibility of the affiant is likely to be a dispositive factor in resolving the case, summary judgment is often inappropriate. *Id.* The mere fact the affidavit is self-serving does not necessarily make the evidence an improper basis for summary judgment. *Trico Techs. Corp. v. Montiel,* 949 S.W.2d 308, 310 (Tex.1997). Summary judgment based on the uncontroverted affidavit of an interested witness is proper if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. *Id.* (citing *Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986)); *see also* Tex.R. Civ. P. 166a(c). "Could have been readily controverted" does not mean the summary judgment evidence could have been easily and conveniently rebutted, but rather indicates the testimony could have been effectively countered by opposing evidence. *Trico Techs. Corp.,* 949 S.W.2d at 310 (citing *Casso,* 776 S.W.2d at 558). In *Tex. Div.-Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 313 (Tex.1994), the Texas Supreme Court held affidavits of interested witnesses could be used to present evi-

dence of a nonretaliatory reason for termination as long as the affidavits complied with TEX.R. CIV. P. 166a(c). *Accord Trico Techs. Corp.*, 949 S.W.2d at 310.

■ Chhim contends the affidavits submitted by UH and Wray in support of the motion for summary judgment contained nothing beyond self-serving, conclusory statements by interested persons and were incapable of supporting a summary judgment even if uncontroverted. Specifically, she identifies the following statements as insufficient to support summary judgment: that Chhim was not qualified to perform her job duties, that she did not report her work-related injury until after she had been terminated, and that she had provided the incorrect date as to her work-related injury. The statement that Chhim was not qualified to perform job duties could not be located in the clerk's record, and no record citations were provided. Chhim did not show that the trial court even considered this statement, let alone demonstrate how it may have led to an error reasonably calculated to cause the rendition of an improper judgment. Both the other statements are specific assertions of fact that Chhim attempted to controvert in affidavits filed in response to the motion for summary judgment.

In support of the motion for summary judgment, UH and Wray submitted the affidavits of three individuals: 1) Tony Gonzales, manager of custodial services and grounds maintenance for UH; 2) Angela Hunter, a supervisor custodian for UH; and 3) Underwood. These affidavits go well beyond mere self-serving conclusory statements and contain specific, factual allegations of events and the dates those events took place. These affidavits also have exhibits attached that set forth additional specific supporting facts. The affidavits in question refer to ascertainable facts, including an alleged lack of communication between UH employees and Chhim, and were from individuals whom Chhim had an opportunity to depose. *See Ash v. Hack Branch Distrib. Co.*, 54 S.W.3d 401 (Tex.App.-Waco 2001, pets. denied) (finding no error where trial court considered affidavit consisting mainly of statements regarding appellee's business practices and of statements denying communications between appellee and other defendants).

The affidavits of Gonzales, Hunter, and Underwood comply with the requirements of Rule 166a(c). We hold it was not an abuse of discretion to decline to exclude this evidence when considering the motion for summary judgment. Chhim's second point of error is overruled.

We turn now to the remaining bases for summary judgment. Chhim argues she did establish a causal link between her injury and the decision to terminate her employment. She also argues the stated reason for firing her (poor performance) is insufficient to support summary judgment because material issues of fact remain as to whether this was a sole, legitimate reason for terminating her employment.

■ Section 451.001 of the Texas Labor Code provides that "[a] person may not discharge or in any other manner discriminate against an employee because the employee has . . . filed a workers' compensation claim in good faith." TEX. LAB.CODE ANN. § 451.001(1). Several Texas courts have held that, where employees both suffered an actual injury and reported the injury to the employer, this is sufficient to invoke the statutory protection against retaliatory discharge. *See Munoz v. H & M Wholesale, Inc.*, 926 F.Supp. 596, 603 (S.D.Tex.1996) (noting before company terminated employee, employee sustained an on-the-job back injury for which company sent him to doctor and chiropractor and company filed its first report of injury

regarding incident); *Duhon v. Bone & Joint Physical Therapy Clinics*, 947 S.W.2d 316, 317–18 (Tex.App.-Beaumont 1997, no writ) (holding employee invoked protection of statute when she sustained an on-the-job injury and reported it to her employer the next day); *Worsham Steel Co. v. Arias*, 831 S.W.2d 81, 82, 84 (Tex. App.-El Paso 1992, no writ) (commenting an employee informing his supervisor of a back injury sustained while in scope of his employment before he was terminated was affirmative step toward instituting worker's compensation proceeding); *Hunt v. Van Der Horst Corp.*, 711 S.W.2d 77, 80 (Tex.App.-Dallas 1986, no writ) (concluding employee instituted a proceeding when he informed his supervisor he had suffered an injury on the job and was going home and to see a doctor); *Tex. Steel Co. v. Douglas*, 533 S.W.2d 111, 115 (Tex.Civ.App.-Fort Worth 1976, writ ref'd n.r.e.).

The burden of proof is on the employee to demonstrate the causal link between the discharge and the institution of a worker's compensation proceeding, an element of the employee's prima facie case for retaliatory discharge. TEX. LAB.CODE ANN. § 451.002(c) (Vernon 1996); *see Garcia v. Allen*, 28 S.W.3d 587, 600 (Tex.App.-Corpus Christi 2000, pet. denied). The employee must prove that, but for the institution of a worker's compensation proceeding, the discharge would not have occurred when it did. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex.1996); *see also City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 65 (Tex.2000). An employee can meet the burden of proof without showing that such employee was discriminated against solely because of the proceeding. The employee must show, however, that the institution of the worker's compensation proceeding was at least a determining factor in the discriminatory conduct. *Terry v. S. Floral Co.*, 927

S.W.2d 254, 257 (Tex.App.-Houston [1st Dist.] 1996, no writ); *see also Gorges Foodservice, Inc. v. Huerta*, 964 S.W.2d 656, 665–66 (Tex.App.-Corpus Christi 1997, no pet.). This causal connection may be established by direct or circumstantial evidence and by reasonable inferences arising from it. *See Garcia*, 28 S.W.3d at 600.

Chhim produced no direct evidence of causation. Examples of circumstantial evidence that may be sufficient to establish a causal link between termination and filing of a compensation claim include 1) knowledge of the compensation claim by those making the decision on termination, 2) expression of a negative attitude toward the employee's injured condition, 3) failure to adhere to established company policy, 4) discriminatory treatment in comparison to similarly situated employees, 5) sudden changes in an employee's work performance evaluations following a worker's compensation claim, and 6) evidence that the stated reason for the discharge was false. *See C & D Robotics, Inc. v. Mann*, 47 S.W.3d 194, 198 (Tex.App.-Texarkana 2001, no pet.) (quoting *Cazarez*, 937 S.W.2d at 451); *Castor v. Laredo Cmty. Coll.*, 963 S.W.2d 783, 785 (Tex.App.-San Antonio 1998, no pet.).

Chhim argues there was a sudden change in her employment evaluations. She has failed, however, to put on competent evidence of her contention. She merely states that she was not shown the two documents submitted by UH which were critical of her performance and that she was told the contrary of their contents. Her assertions amount to nothing more than conclusory allegations and unsupported speculation. The nonmovant must come forward with more than mere conclusory allegations, improbable inferences, and unsupported speculation to survive summary judgment. *Fenley v. Mrs. Baird's Bakeries, Inc.*, 59 S.W.3d 314, 320

(Tex.App.-Texarkana 2001, pet. denied) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir.1991)). Chhim has produced no evidence of a causal link with respect to a change in performance evaluations.

Chhim also contends there is evidence of a negative attitude toward her on the part of UH and Wray, and that the stated reason for her termination was false. In support, she first points to the two negative evaluations submitted by UH and Wray in support of their motion for summary judgment. She argues that, because she did not see the evaluations before her termination, they must have been fabricated. This is unsupported speculation and is no evidence of a causal link. She also points to a dispute which occurred in September 1997 regarding a time sheet. The evidence in question, a note written by Hunter in support of Chhim, shows a positive attitude toward Chhim. The note offers no indication of any attitude, positive or otherwise, on the part of Gonzales. Chhim has produced no evidence of a causal link with respect to either a negative attitude toward her or of a false reason for her discharge.

■ Chhim submitted affidavits from her and her husband indicating that medical notices had been delivered to UH personnel regarding Chhim's condition and that they had both made statements to UH personnel regarding her intent to file a worker's compensation claim. Chhim also alleged she called a secretary, informed the secretary of her injury, and requested worker's compensation paperwork. When asked whose office she had called, Chhim replied, "the physical plant maintenance ... for custodian for building." Chhim further indicated the secretary worked in the same office as Gonzales, but in a different room. She could not identify this secretary. Gonzales was employed as manager of custodial services and grounds maintenance, and Chhim was employed as a lead custodian in his department. Chhim argues that, "It is highly probable and likely that Chhim's inquiries ultimately reached the desks of Hunter [and] Gonzales...." We must take all factual inferences in Chhim's favor at this stage of the proceedings. *Nixon*, 690 S.W.2d at 548–49. Absent unchallenged evidence to the contrary, we must grant the inference to Chhim that the unnamed secretary informed Gonzales of her injury. We cannot grant the same inference with respect to Hunter, because no evidence connects Hunter with the secretary. Under the authorities cited above, Chhim's notice to UH in the form of telephone calls indicating her on-the-job injury, copies of medical notices indicating her injury, along with the inference the physical plant secretary passed this information along to Gonzales, is sufficient to initiate a worker's compensation proceeding and invoke the protection of Section 451.001. *See, e.g., Munoz*, 926 F.Supp. at 603; *Duhon*, 947 S.W.2d at 317–18.

■ UH and Wray argue Chhim failed to set forth her prima facie case for retaliatory discharge because she has not shown a causal connection between her termination and her notice of intent to file a worker's compensation claim. They contend their summary judgment proof conclusively defeated notice, because the individuals who made the termination decision state in their affidavits they did not know Chhim planned to file a worker's compensation claim. Gonzales and Hunter set forth identical statements in their affidavits: that "Ms. Chhim did not report to me any work related injuries on December 16, 1997, nor on any day before or after December 16, 1997." Chhim did not provide evidence to the contrary, so the statements may be taken as true in favor of the mov-

ants, UH and Wray. The statements, however, do not address the notice argument advanced by Chhim. Chhim relies on an inference, rather than direct evidence, that Gonzales knew of her injury because she told a secretary who worked in the same office, but in a different room. UH and Wray could have defeated this inference by evidence that would have tended to rebut the chain of information from the secretary to Gonzales. Without evidence to the contrary, the inference that Gonzales was informed by the secretary must be granted to Chhim. It is the burden of the movant at summary judgment to establish right to judgment as a matter of law by refuting an element of the nonmovant's claim. *Steck*, 669 S.W.2d at 107–08. Notice was the only basis on which UH and Wray challenged Chhim's prima facie case. They have not conclusively established they lacked notice; thus, they have not defeated Chhim's prima facie case for wrongful termination.

UH and Wray's affidavits also suggest they only had notice of an accident that occurred at Chhim's home, which was unrelated to work. Thus, their action in terminating Chhim would be unrelated to her claimed on-the-job injury. This evidence, however, does nothing more than create a fact issue as to whether Chhim's continuing absence after December 16 was due to her injury on December 15, her injury on December 16, or both. The evidence further shows a discrepancy regarding the nature of the injury Chhim suffered at home December 15. Her leave request form indicates back pain as the reason, while her deposition testimony identifies an ankle injury. The fact Chhim was injured December 15 does not foreclose the possibility of an on-the-job injury on December 16. The initiation of a worker's compensation proceeding related to the latter may still have contributed to Chhim's termination. It is a genuine issue of material fact whether Gonzales was aware of only one or both of these injuries.

The fact that Gonzales was aware of an injury to Chhim, and that this influenced the decision to terminate her employment, was established by Gonzales' affidavit. Chhim was sent a termination notice on January 9, 1998, within three weeks of the incident. Gonzales stated the notice was backdated to effect termination just days after the injury was reported, because that was when Chhim's sick leave benefits had been exhausted. This admission directly connects the timing of her termination to Chhim's injury-induced absence. Although it is undisputed that she did not file formal worker's compensation forms until after she received notice of termination, Chhim stated in her affidavit she had attempted to get copies of the forms earlier. The forms were not sent to her, however, until after she talked to Underwood on January 12, 1998. The acknowledgment by Gonzales that Chhim's termination was timed according to her injury, combined with the inference that Gonzales knew, through the physical plant secretary, of Chhim's injury and her intent to file a worker's compensation claim, establish the causal connection required by Section 451.001.

■ Once the employee has established a causal connection between the institution of a worker's compensation proceeding and the adverse employment action, the burden shifts to the employer to establish a valid, nondiscriminatory reason for that action. *See Fenley*, 59 S.W.3d at 319 (citing *Piper v. Kimberly–Clark Corp.*, 970 F.Supp. 566, 574 (E.D.Tex.1997)). The nondiscriminatory reason must demonstrate the termination was unrelated to the employee's pursuit of worker's compensation benefits. *Id.*

UH cited poor performance, combined with the approaching end of the probationary employment period, as the nonretaliatory basis for terminating Chhim. The summary judgment evidence submitted by UH and Wray shows that regular staff employees must complete a six-month probationary period. At any time during this period, the employee may be terminated without the application of UH's discipline and dismissal policies and procedures. UH also submitted evidence the policy included terminating probationary employees like Chhim without following the standard policies for regular employees. No evidence was submitted regarding what policies, if any, actually apply to probationary employees. UH and Wray argue they have therefore established a legitimate basis for terminating Chhim, citing this Court's decision in *Fenley*, 59 S.W.3d 314. In *Fenley*, we held an employee's termination, pursuant to the uniform application of a reasonable absentee policy, forecloses the possibility that the reason for termination was at least partly due to the assertion of a worker's compensation claim. *See id.* at 320. We disagree the evidence supplied in this case—proof of action coupled with a complete absence of any policy whatsoever—is comparable to proof of behavior in conformity with a pre-established, uniformly applicable set of standards. All the evidence provided describes the status of probationary employees by reference to the nonapplicability of the policies that do apply to nonprobationary employees. There is no evidence of any positive policy expressly applicable to employees like Chhim. UH and Wray have only established that their action in terminating Chhim was in conformity with a stated lack of policy. This is insufficient to meet their summary judgment burden of rebutting the connection between Chhim's injury and her termination.

The evidence provided by UH and Wray also fails to provide any alternate explanation for the timing of Chhim's discharge. She was hired July 27, 1997. Her six-month probationary period would extend through January 27, 1998. No explanation was offered as to why Chhim was terminated effective December 19, 1997, beyond Gonzales' statement that the date was tied to Chhim's absence.

UH and Wray also submitted two negative evaluations of Chhim's performance. One was handwritten by Hunter, dated October 31, 1997. The other was on an official performance review form, completed December 22, 1997 (five days after Chhim stopped working). Chhim was retained as an employee for more than six weeks after the first evaluation. Her termination was made effective after her injury but before the date of the second evaluation. Even if these forms established that those responsible for her termination believed Chhim to be an ineffective employee, UH and Wray have failed to show the injury had no impact on the timing of their decision to terminate her.

In deciding a motion for summary judgment, the burden of persuasion remains always on the movant to demonstrate entitlement to judgment as a matter of law. Chhim has raised a fact issue, by specific fact and reasonable inference, that there is a causal connection between her institution of a worker's compensation proceeding and her termination. The appellees have failed to rebut that connection and have therefore failed to establish their right to judgment as a matter of law.

Chhim has abandoned any complaint as to her Title VII claim by failing to present any argument to this Court. The judgment of the trial court granting summary judgment as to the Title VII claim is affirmed.

Summary judgment was improper as to Chhim's claim of wrongful termination, because genuine issues of material fact remain. The judgment of the trial court granting summary judgment to UH and Wray on the wrongful termination claim is reversed and remanded for further proceedings.