In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00039-CV


______________________________




INTERNATIONAL PAPER COMPANY, TIMBERSTAR 


TEXARKANA I & II, L.P., Appellants



V.



BARBARA KERSTETTER, ET AL., Appellees




 


On Appeal from the 115th Judicial District Court


 Marion County, Texas


Trial Court No. 0200157




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 International Paper Company and Timberstar Texarkana I & II, L.P., appellants, have filed
with this Court a motion to dismiss their pending appeal in this matter. The appellants represent to
this Court that the parties have reached a full and final settlement. In such a case, no real controversy
exists, and in the absence of a controversy, the appeal is moot.

 We grant the motion and dismiss this appeal.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 4, 2008 

Date Decided: June 5, 2008




decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Times New Roman", serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}

















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-000140-CV
______________________________


JB JOYCE, LTD. AS SUCCESSOR TO
CONSTRUCTORS AND ERECTORS, LTD., Appellant
 
V.
 
REGIONS FINANCIAL CORP., Appellee


                                              

On Appeal from the 76th Judicial District Court
Camp County, Texas
Trial Court No. CV-03-3960


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            A summary judgment allowed Regions Financial Corporation to foreclose on property based
on a tax lien which had been transferred to it. The property taxes were originally assessed against
business property known as the Leesburg Asphalt Company located in Camp County, Texas. The
pleadings indicate that defendants, JB Joyce, Ltd. as Successor to Constructors and Erectors, Ltd.,
A & R Enterprises, Inc. d/b/a Service Electric, and Linco-Electromatic, Inc. and Linco-Electromatic
Measurement, Inc. (hereinafter referred to as Joyce), had filed mechanics' and materialmen's liens
on the property in question. Regions Bank became the owner of the property by foreclosure. 
Regions Bank (the Bank) authorized Regions Financial Corporation (RFC) to pay the taxes for the
years 2002 and 2003. The Bank then executed two real estate lien notes for the amounts paid. The
Bank authorized Camp County Central Appraisal District to transfer its liens to RFC. Camp County
Central Appraisal District received $40,456.61 for 2002 taxes and $29,617.23 for 2003 taxes from
RFC and transferred its tax liens to RFC, pursuant to provisions of Section 32.06 of the Property Tax
Code. Tex. Tax Code Ann. § 32.06 (Vernon 2001). RFC brought an in rem suit against Joyce,
asserting a lien on the real property on which the taxes were assessed and requesting foreclosure of
the tax lien on the real estate and attorney's fees. In support of its motion for summary judgment,
RFC presented the affidavit of Matt Spencer. Joyce alleges that the summary judgment proof is
incompetent and fails to provide proof of default and acceleration of the real estate lien notes and
presents only conclusory statements. We reverse the judgment of the trial court. 
Standard of Review
            The standards for reviewing a "traditional" motion for summary judgment are well settled. 
Both parties cite Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985), as the
appropriate standard, and we will review this summary judgment based on it. 
Competency of Spencer's Affidavit
            RFC filed with its motion for summary judgment an affidavit of Spencer, who claimed to
have personal knowledge of the matter stated in the affidavit. Spencer's affidavit states that he was
the servicing officer in charge of the disposition of the Leesburg Asphalt Plant located in Camp
County, Texas, and as such, he was the custodian of the records for RFC. He then attached twenty-three pages of business documents and presented a proper affidavit proving up the documents as
business records. In the affidavit, Spencer sets out that RFC, at the request of the Bank, paid to
Camp County Central Appraisal District $40,456.61 for 2002 taxes and $29,617.23 for 2003 taxes
on the property in question, and took notes from the Bank in those principal amounts. As to each
note, Spencer stated "there has occurred default and acceleration. Such note is wholly due and
payable." These allegations were not contradicted at the trial court level.
            The unchallenged allegations are set out that Spencer is the authorized representative of RFC
and that he has personal knowledge of the matters stated in the affidavit. To qualify as valid
summary judgment evidence, an affidavit must state facts showing the affiant is competent to testify
to the matters stated in the affidavit. Tex. R. Civ. P. 166a(f). If no objection is made to the 
affidavit's failure to show the affiant is competent to testify, the defect is waived. Rizkallah v.
Conner, 952 S.W.2d 580, 586 (Tex. App.—Houston [1st Dist.] 1997, no writ). Spencer's affidavit
not only states that he has personal knowledge of the matters stated, but also provides factual
information showing his competence to testify. In this case, there is no objection made to Spencer's
competence to testify, and his testimony includes his relationship as the servicing officer in charge
of the disposition of Leesburg Asphalt Plant. We believe that Spencer is shown to be competent to
testify. 
Default and Acceleration Proof
            Joyce further argues that the summary judgment proof that RFC was entitled to foreclose on
its liens is insufficient because it contains only conclusory statements. 
            A "conclusory statement" is a statement that does not provide the underlying facts to support
the conclusion. Haynes v. City of Beaumont, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no
pet.). A legal conclusion is insufficient to establish the existence of a fact in support of a summary
judgment. Mercer v. Daoran Corp., 676 S.W.2d 580, 583 (Tex. 1984). 
            An objection that an affidavit is conclusory is viewed as an objection to the substance of the
affidavit that can be raised for the first time on appeal. Haynes, 35 S.W.3d at 178 (citing Green v.
Indus. Specialty Contractors, Inc., 1 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist.] 1999, no
pet.)). An affidavit must allege specific facts of a nature that can be effectively countered by
opposing evidence. Chhim v. Univ. of Houston, 76 S.W.3d 210, 216 (Tex. App.—Texarkana 2002,
pet. denied).
            To recover on its liens, RFC had to prove that the Bank had not paid the notes in a timely
manner and that RFC had declared the entire debt had matured. The affidavit states only that RFC
took notes from the Bank "upon which there has occurred default and acceleration. Such note[s]
[are] wholly due and payable." There is no other evidence on these issues. RFC responds that these
allegations are not legal conclusions. We disagree.
            A conclusory statement can be either a legal conclusion or a factual conclusion. See
Rizkallah, 952 S.W.2d at 587. Logical conclusions based on stated underlying facts are not
improper. However, statements that are mere legal conclusions are improper. To allow such
testimony is to reduce to a legal issue a matter that should be resolved by relying on facts. Id. An
example of a legal conclusion is found in Mercer, 676 S.W.2d at 583. There, the affidavit stated the
debt was "renewed and extended," which the Texas Supreme Court found to be a legal conclusion
and insufficient to establish the existence of a fact in support of a motion for summary judgment.


 
Id. Here, the conclusion is that default and acceleration had occurred. For default (failure to timely
pay the note) and acceleration (declaring the entire indebtedness due) to occur, some acts or
omissions had to happen. The affidavit does not state that the Bank failed to make payments as
scheduled. Even if the notes were not paid as required, RFC had the option to declare the entire
indebtedness due, but it was not required to do so. The affidavit is silent as to any facts indicating
RFC exercised the option to declare the entire indebtedness due. Here, the terminology that default
and acceleration had occurred is similar to Mercer, where the language of the affidavit was that the
debt had been "renewed and extended." We find the summary judgment proof is lacking in the
statement of any facts that the promissory notes were not timely paid and that the entire debt had
been declared mature. Without such evidence, the proof that the tax liens could be foreclosed fails. 
We sustain Joyce's point of error and find that the summary judgment proof does not entitle RFC to
judgment as a matter of law. Due to this disposition, we do not need to address Joyce's issue
concerning the attorney's fees.
            We reverse the judgment of the trial court and remand the case to the trial court for further
proceedings in accordance with this opinion. 
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          June 3, 2005
Date Decided:             June 21, 2005