Ofelia C. **MONTIEL**, as Administrator and Legal Representative of the Estate of Juan Montiel, Jr., Appellant,

v.

**TRICO TECHNOLOGIES CORPORATION,**
Appellee.

No. 13–94–401–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 12, 1996.

Rehearing Overruled Jan. 16, 1997.

Miguel A. Saldana, Richard E. Zayas, Brownsville, for appellant.

Ronald G. Hole, Micaela Alvarez, Law Offices of Ronald G. Hole, McAllen, Ralph L. Halpern, Buffalo, for appellee.

Before SEERDEN, C.J., and CHAVEZ and RODRIGUEZ, JJ.

**OPINION**

SEERDEN, Chief Justice.

This appeal is from the granting of a summary judgment and involves the "after-acquired evidence doctrine." We reverse the summary judgment and remand the cause to the trial court.

Appellant, Ofelia Montiel, administrator of her deceased husband's estate, sued appellee, Trico Technologies, Inc., alleging that Trico discharged her husband, Juan Montiel, for filing a worker's compensation claim.[1] During the discovery phase of appellant's case, Trico learned that Mr. Montiel was treated for alcoholism prior to his employment at Trico. On one of Trico's pre-employment questionnaires, Mr. Montiel had stated that he had never been treated for alcoholism. In its motion for summary judgment, Trico asserted that it would not have hired Mr. Montiel had it known of the misrepresentation on the questionnaire and would have terminated his employment had it learned of it during his employment. Trico claimed that this "after-acquired evidence" barred Mrs. Montiel's suit. The trial court agreed and granted summary judgment.

■ By point of error one, appellant claims that the trial court erred in granting summary judgment because neither the Texas Legislature nor the Texas Supreme Court have recognized the "after-acquired evidence" doctrine as a bar to an 8307c claim. Appellant further argues that, although one Court of Appeals has adopted the doctrine, it need not be adopted in this district. Appellee, citing *McConnell v. Southside School District*, 858 S.W.2d 337, 341 (Tex.1993), claims that appellant waived these arguments by failing to raise them in her response to the motion for summary judgment. We disagree with appellee's conclusion. McConnell held that "issues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to

---

1. An employer may not discharge an employee for filing a workers' compensation claim in good faith. Tex.Rev.Civ.Stat. art. 8307c (repealed 1993)(current version at Tex.Labor Code Ann. § 451.001 (Vernon 1996)). Mr. Montiel was discharged in September 1991.

summary judgment evidence." *Id.* at 341. Appellant's response to appellee's motion for summary judgment noted that the doctrine was applied in only one Texas case, *Jordan v. Johnson Controls, Inc.,* 881 S.W.2d 363, 369 (Tex.App.—Dallas 1994, writ denied), and that this case was from a different court of appeals district and, therefore, not controlling. By so arguing, we find that appellant raised the issue that the "after acquired evidence" doctrine has not been enacted by the Legislature or adopted by the Supreme Court. Accordingly, we find the issue properly before us and address appellant's first point on the merits.

■ Appellant contends that we should not follow *Jordan* and should refuse to adopt the after-acquired evidence doctrine. We agree. The after-acquired evidence doctrine which was adopted by the *Jordan* Court developed from several federal cases which have been discredited since that case was handed down in 1994.[2]

Succinctly stated, the after-acquired evidence doctrine dictates that regardless of an employer's actual reason for discharging an employee, an employee cannot recover damages for termination if the employer thereafter discovers dishonesty for which the employer either would not have hired the employee or would have fired the employee. See *Jordan,* 881 S.W.2d at 365.

In *McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352, ——, 115 S.Ct. 879, 883, 130 L.Ed.2d 852 (1995), the Supreme Court addressed the doctrine as it relates to comparable federal law. The Court rejected many of the cases relied upon by the Dallas Court in *Jordan. Id.* The Court reasoned that since the employer, in terminating the employee, could not have been motivated by knowledge it did not have, the employer could not, after the employee's termination, claim that the employee was fired for a nondiscriminatory reason. *Id.* at 885.

In Texas, no other appellate court has followed *Jordan* in recognizing the after-acquired-evidence doctrine, nor has our Texas

Supreme Court spoken on the subject. Nor has the Texas Legislature provided for such a bar by statute. See Tex.Labor Code § 451.001 *et seq.* One other court of appeals, moreover, has specifically rejected the doctrine with regard to 8307c claims. *See Mitchell v. John Wiesner, Inc.,* 923 S.W.2d 262, 264 (Tex.App.—Beaumont 1996, n.w.h.). We also decline to adopt the after-acquired-evidence doctrine, as we believe that it is inconsistent with the rights granted to an employee under the Act.

The Act protects an employee from the heavyhanded tactics of an employer who would otherwise force him to refuse just compensation for his injuries by the threat of termination. If the employer is innocent of the charges and fired his employee for legitimate reasons, he is protected not by the after-acquired-evidence defense, but by the employee's burden to show causation. *See Texas Dept. of Human Services v. Hinds,* 904 S.W.2d 629, 636 (Tex.1995). The after-acquired-evidence bar, however, provides a windfall to the employer who intentionally fired his employee for filing a compensation claim, but was lucky enough later to discover improper conduct or falsification that may be used as an *ex post facto* pretext for the firing.

Moreover, even absent other concerns about adopting this defense, we would find it generally inappropriate in the context of summary judgment for the employer. We would not consider as conclusive the employer's self-serving assertion that, had he known of the employee's improper conduct or falsification before firing him for filing a compensation claim, he nevertheless would have terminated the employee. Generally, since the credibility of the employer is the dispositive factor and his answer to hypothetical questions of this nature is not easily met by controverting summary judgment evidence, summary judgment is inappropriate. *See Casso v. Brand,* 776 S.W.2d 551, 558 (Tex. 1989); Tex.R.Civ.P. 166a(c).

Appellant's first point of error is sustained. We need not address appellant's remaining

---

2. In *Jordan,* the doctrine was applied to bar recovery in an 8307c wrongful discharge claim brought by an employee who stated falsely on his employment application that he had never been convicted of a felony or other serious crime. *Id.* at 369.

points of error as they are not dispositive. Tex.R.App.P. 90(a).

The summary judgment is reversed, and the cause is remanded to the trial court.