**TRICO TECHNOLOGIES CORPORATION, Petitioner,**

v.

**Ofelia C. MONTIEL, as administrator and legal representative of the Estate of Juan Montiel, Jr., Respondent.**

**No. 97–0176.**

Supreme Court of Texas.

July 9, 1997.

Ronald G. Hole, Micaela Alvarez, McAllen, for Petitioner.

Miguel A. Saldana, Richard E. Zayas, Brownsville, for Respondent.

PER CURIAM.

In this case we consider whether Texas should apply the "after-acquired evidence doctrine" to retaliatory discharge claims brought under the Texas Workers' Compensation Act. This doctrine provides that evidence of an employee's misconduct acquired after the employee was wrongfully discharged bars or limits the employee's recovery when the employer would not have hired the applicant or would have terminated em-

ployment on legitimate and lawful grounds had the evidence been discovered before the discharge. We hold that after-acquired evidence of an employee's dishonesty, while not a complete bar to recovery, can limit the employee's damages for retaliatory discharge.

Trico Technologies Corporation (Trico) hired Juan Montiel, Jr. on May 2, 1988. On April 27, 1990, Montiel allegedly sustained an on-the-job injury. He then filed a claim for benefits under Trico's workers' compensation insurance policy. Montiel's employment with Trico continued until September 5, 1991, when Trico discharged him. After Montiel's death in May 1993, Ofelia Montiel, administrator of her husband's estate, sued Trico, alleging that Trico wrongfully discharged Montiel in retaliation for filing a workers' compensation claim. See TEX.REV.CIV. STAT. art. 8307c (Vernon 1973) (recodified at TEX. LAB.CODE § 451.001).

During pre-trial discovery, Trico learned that Montiel had lied on a physical examination questionnaire completed as part of his employment application. Montiel stated on the questionnaire that he had never been treated for alcoholism or any medical or emotional conditions associated with alcohol use. In reality, Montiel was a diagnosed alcoholic who had previously been hospitalized for alcohol-related problems. Montiel signed the employment form under a statement certifying that his answers were true and acknowledging that falsification of facts on the form was grounds for discharge.

Trico moved for summary judgment, alleging that it would not have hired Montiel had it known of his false statements, and would have terminated Montiel's employment had it learned of the dishonesty during his employment. The trial court granted summary judgment for Trico, applying the after-acquired evidence doctrine as a complete bar to Montiel's recovery. The court of appeals reversed the trial court's summary judgment and remanded the case to the trial court, holding that the after-acquired evidence doctrine does not apply to retaliatory discharge claims in Texas. 941 S.W.2d 263, 265.

As a threshold matter, we consider Trico's argument that the court of appeals erred in concluding that the affidavit of Trico's Human Resources Manager was improper summary judgment evidence. The court of appeals invalidated the affidavit because it found the affidavit self-serving, inconclusive, and not readily controvertible. See Casso v. Brand, 776 S.W.2d 551, 558 (Tex.1989). The affidavit states that Trico would not have hired Montiel or would have terminated his employment had it learned earlier that he falsified information on the physical examination form.

The mere fact that the affidavit is self-serving does not necessarily make the evidence an improper basis for summary judgment. Summary judgment based on the uncontroverted affidavit of an interested witness is proper if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. Republic Nat'l Leasing Corp. v. Schindler, 717 S.W.2d 606, 607 (Tex.1986); see also TEX.R. CIV. P. 166a(c). "Could have been readily controverted" does not mean that the summary judgment evidence could have been easily and conveniently rebutted, but rather indicates that the testimony could have been effectively countered by opposing evidence. Casso, 776 S.W.2d at 558. Trico's affidavit could have been readily controverted if in discovery Montiel had inquired about instances where Trico refused to hire applicants or discharged employees who similarly falsified employment applications. However, Montiel made no attempt to controvert the affidavit through deposition testimony, interrogatories, or other discovery. Thus, the affidavit was competent summary judgment evidence.

We next address whether the after-acquired evidence of Montiel's dishonesty bars or limits Montiel's recovery for retaliatory discharge. We first consider Trico's argument that the court of appeals erred in considering Montiel's arguments against adopting the after-acquired evidence doctrine. Because the trial court granted summary judgment based on the after-acquired evidence doctrine, and because Montiel sufficiently raised the issue in response to Trico's

motion for summary judgment, the court of appeals properly considered the issue. *See McConnell v. Southside Sch. Dist.*, 858 S.W.2d 337, 343 (Tex.1993).

The court of appeals declined to adopt the after-acquired evidence doctrine as a complete bar to recovery, without discussing the possibility that the doctrine could be used as a limitation on damages. Texas courts of appeals have split regarding the extent to which the doctrine applies in retaliatory discharge claims. The first Texas court of appeals to consider the issue held that after-acquired evidence of misconduct that would have either precluded hiring or prompted termination operates as a complete bar to an employee's claim. *Jordan v. Johnson Controls, Inc.*, 881 S.W.2d 363, 369 (Tex.App.—Dallas 1994, writ denied).

The *Jordan* court followed the reasoning of *Summers v. State Farm Mut. Auto. Ins. Co.*, 864 F.2d 700, 708 (10th Cir.1988), and other federal cases allowing the after-acquired evidence doctrine to bar recovery in wrongful discharge claims brought by employees who falsified employment applications. *See Johnson v. Honeywell Info. Sys., Inc.*, 955 F.2d 409, 415 (6th Cir.1992); *Milligan–Jensen v. Michigan Tech. Univ.*, 975 F.2d 302, 304–05 (6th Cir.1992); *Washington v. Lake County*, 969 F.2d 250, 256–57 (7th Cir.1992); *Reed v. AMAX Coal Co.*, 971 F.2d 1295, 1298 (7th Cir.1992). In doing so, *Jordan* acknowledged but rejected an alternative approach that after-acquired evidence of an employee's misconduct, though not a complete bar to recovery, is relevant in determining the relief to which an employee is entitled. *Jordan*, 881 S.W.2d at 368.

In 1995, the United States Supreme Court rejected the *Summers/Jordan* approach in a case involving the alleged violation of a federal employment discrimination statute. *See McKennon v. Nashville Banner Publ'g Co.*,

513 U.S. 352, 354–55, 362, 115 S.Ct. 879, 882–83, 130 L.Ed.2d 852 (1995). *McKennon* instead adopted the rationale of a line of federal cases refusing to recognize the after-acquired evidence doctrine as a complete bar to retaliatory discharge claims. *Id.; see Mardell v. Harleysville Life Ins. Co.*, 31 F.3d 1221, 1228 (3d Cir.1994); *Kristufek v. Hussmann Foodserv. Co., Toastmaster Div.*, 985 F.2d 364, 369–70 (7th Cir.1993); *Wallace v. Dunn Constr. Co., Inc.*, 968 F.2d 1174, 1184 (11th Cir.1992), *subsequently vacated pending rehearing en banc*, 32 F.3d 1489 (11th Cir.1994), *aff'd in part and rev'd in part*, 62 F.3d 374, 377–81 (11th Cir.1995) (en banc). The *McKennon* Court held that in cases where an employer does not have mixed motives for discharging an employee,[1] after-acquired evidence of an employee's misconduct is not a complete bar to recovery, but must be taken into account in determining the employee's specific remedy. *McKennon*, 513 U.S. at 360–63, 115 S.Ct. at 885–87. *McKennon* explicitly discredited *Jordan*'s underpinnings by rejecting many cases relied upon by the *Jordan* court. *McKennon* stated that, while remedies are to be determined on a case-by-case basis, reinstatement and recovery of actual damages for the period after the employer discovered the employee's misconduct are generally inappropriate in non-mixed motive cases. *Id.* at 362, 115 S.Ct. at 886. However, before an employer may rely on after-acquired evidence, it must establish that the employee's wrongdoing was so severe that the employee would have been terminated solely on that ground had the employer learned of the employee's misconduct before the employee was discharged. *Id.* at 362–63, 115 S.Ct. at 886–87.

The First Court of Appeals has followed *McKennon* and held that after-acquired evidence does not completely bar recovery for

1. The United States Supreme Court addressed a mixed motive case in *Mt. Healthy Board of Education v. Doyle*, 429 U.S. 274, 285–287, 97 S.Ct. 568, 575–576, 50 L.Ed.2d 471 (1977), holding that if an employer discharges an employee based on both a lawful reason and an unlawful reason, the employee cannot prevail in a wrongful discharge suit when the lawful reason alone was sufficient to justify the firing. The Court later stated that *Mt. Healthy* did not apply to a

non-mixed motive case in which an employee was discharged solely for an unlawful reason. *McKennon*, 513 U.S. at 359, 115 S.Ct. at 885. This case is clearly a non-mixed motive case because Trico did not discover Montiel's misconduct until after Montiel had been discharged. Therefore, Montiel's dishonesty was not a motivating factor in Trico's decision to discharge Montiel.

retaliatory discharge, but is considered in determining damages. *Johnson v. Bethesda Lutheran Homes & Servs., Inc.,* 935 S.W.2d 235, 238 (Tex.App.—Houston [1st Dist.] 1996, writ denied). Like *McKennon, Bethesda* held that after-acquired evidence bars reinstatement and recovery of actual damages after the point in time that the employer discovered the falsified application that led to employment. *Id.* Although *McKennon* and *Bethesda* had been decided, the court of appeals in this case did not address *McKennon's* holding that after-acquired evidence can limit an employee's recovery.

Trico asks this Court to follow *Jordan* and adopt the after-acquired evidence doctrine as a complete defense to retaliatory discharge claims. Alternatively, Trico urges this Court to follow *McKennon* and adopt the after-acquired evidence doctrine as a limitation on an employee's recovery for retaliatory discharge.

*McKennon* reaches a compromise wherein the wrongdoing of both employer and employee is considered in determining damages, ensuring that neither party receives a windfall. The *McKennon* approach is also consistent with the policy rationale of article 8307c because it furthers both remedial and deterrence objectives. The purpose of 8307c is to protect persons entitled to benefits under the Workers' Compensation Act and to prevent them from being discharged for filing claims to collect those benefits. *See Mitchell v. John Wiesner, Inc.,* 923 S.W.2d 262, 264 (Tex.App.—Beaumont 1996, no writ). *McKennon* protects employees by allowing compensation for retaliatory discharge even when evidence of the employee's misconduct is discovered after discharge. An employee's recovery may be reduced only if the employer meets its evidentiary burden and establishes that the employee would have been lawfully discharged if evidence of the misconduct had been discovered during employment. *McKennon,* 513 U.S. at 362–63, 115 S.Ct. at 886–87.

However, *McKennon* also protects employers by allowing the wrongdoing of a dishonest employee to be taken into account and limiting the amount of damages. *Id.* at 360–63, 115 S.Ct. at 885–87. An employee can recover damages for retaliatory discharge under the Workers' Compensation Act only if he proves that without his filing a workers' compensation claim, the discharge would not have occurred when it did. *See Texas Dep't of Human Servs. v. Hinds,* 904 S.W.2d 629, 633–37 (Tex.1995); *Continental Coffee Prods. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996). Although *McKennon* permits a reduction in the amount of damages, it still discourages employers from wrongfully discharging employees, thus furthering the Legislature's effort to eliminate retaliatory discharges. *McKennon,* 513 U.S. at 358, 115 S.Ct. at 884.

■ For these reasons, we adopt the after-acquired evidence doctrine as a limitation on an employee's recovery for a retaliatory discharge claim brought under the Texas Workers' Compensation Act. If an employer establishes that an employee's misconduct was so severe that the employee would have been legitimately discharged solely on that basis, after-acquired evidence of the employee's misconduct bars reinstatement and recovery of actual damages for the period after the employer discovered the grounds for termination. Absent extraordinary circumstances, the employee is only entitled to back pay from the date of the unlawful discharge to the date that the employer discovered evidence of the employee's misconduct.

Montiel is accordingly not barred from recovering damages on his retaliatory discharge claim. Therefore, Trico is not entitled to summary judgment, and the court of appeals correctly reversed and remanded the trial court's summary judgment. However, Montiel's misconduct must be taken into account on remand in determining the amount of damages to which Montiel may be entitled.

Accordingly, this Court, pursuant to Rule 170 of the Texas Rules of Appellate Procedure, without hearing oral argument, affirms the judgment of the court of appeals remanding the cause to the trial court.