COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-337-CV
 
FRANK MORRIS AND WIFE,       
           
           
           
           
    APPELLANTS
SHIRLEY MORRIS
V.
SCOTSMAN INDUSTRIES, INC.,       
           
           
           
           
APPELLEES
KYSOR INDUSTRIAL CORPORATION,
AND WELBILT WALK-INS, L.P.
F/K/A KYSOR NEEDHAM, L.P.
D/B/A KYSOR PANEL SYSTEMS
------------
FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY
------------
OPINION
------------
Appellants Frank Morris and his wife,
Shirley Morris,(1) appeal the trial court's order
granting summary judgment in favor of Appellee Scotsman Industries, Inc. In his
sole point, Appellant complains that the trial court erred in granting summary
judgment to Scotsman, arguing generally that the record contains material
questions of fact precluding summary judgment. We disagree and, therefore,
affirm the trial court's judgment.
Background
Appellant was employed by Kysor Panel
Systems ("Kysor"), a wholly-owned subsidiary of Scotsman. Appellant
injured his back at work while loading a forklift. An untrained, unlicensed
forklift operator had dropped a pallet loaded with metal. Appellant and an
unidentified coworker began restacking the spilled material onto the forklift.
Appellant and the coworker lifted a pallet that weighed over one hundred pounds
and suddenly, without warning, the coworker dropped his end of the pallet;
Appellant was still holding the other end. This caused Appellant to "injure
his back and body." The parties do not dispute that on the date the
accident occurred, June 15, 1999, Appellant was not an employee of Scotsman, but
Scotsman was the parent company of Kysor, Appellant's employer.
Appellant sued Kysor, Scotsman, and
Welbilt Walk-ins, L.P., another parent company of Kysor, for negligence.
Appellant asserted in his first amended petition that his injuries were
proximately caused by one or more negligent acts or omissions of the defendants.
As to Scotsman, Appellant's five allegations of negligence were that Scotsman:

 1) had failed to exercise retained
 control of Kysor safety
 operations in a reasonable manner;
 2) had failed to provide a trained
 forklift crew;
 3) had failed to provide adequate
 lifting devices;
 4) had failed to provide a safe work
 site; and
 5) had committed other acts of
 negligence to be
 determined at trial.

All of these allegations constitute a
complaint that Scotsman was negligent in failing to maintain a safe workplace
for Appellant.
All defendants moved for summary judgment.
Scotsman argued that it owed Appellant no duty of care. Duty was the only
element of negligence Scotsman challenged. The absence of a duty defeats a cause
of action for negligence. Graff v. Beard, 858 S.W.2d 918, 919 (Tex.
1993).
In his response to Scotsman's motion for
summary judgment, Appellant admitted that he did not seek to hold Scotsman
liable for the acts of its subsidiary, Kysor, but instead only directly liable
for its own negligent acts. Appellant admitted that he was not alleging that
Scotsman's liability rested on its position as Kysor's parent corporation, but
only on its negligence in failing to exercise its retained control over Kysor's
safety operations. Appellant attached to his response summary judgment evidence
that he argued presented a material issue of fact on whether Scotsman had
retained control over those operations.
The trial court granted summary judgment
to all defendants. Appellant appeals only the summary judgment granted to
Scotsman. Because the absence of duty was the only ground challenged in the
summary judgment that related to Scotsman, it was the only ground on which the
trial court could have granted the summary judgment as to Scotsman. We affirm.
Standard of Review
In a summary judgment case, the issue on
appeal is whether the movant met his summary judgment burden by establishing
that no genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The
burden of proof is on the movant, and all doubts about the existence of a
genuine issue of material fact are resolved against the movant. Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Friendswood Dev. Co. v.
McDade + Co., 926 S.W.2d 280, 282 (Tex. 1996); Great Am. Reserve Ins.
Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).
Therefore, we must view the evidence and its reasonable inferences in the light
most favorable to the nonmovant. Great Am., 391 S.W.2d at 47.
In deciding whether there is a material
fact issue precluding summary judgment, all conflicts in the evidence are
disregarded and the evidence favorable to the nonmovant is accepted as true. Rhone-Poulenc,
997 S.W.2d at 223; Harwell v. State Farm Mut. Auto. Ins. Co., 896
S.W.2d 170, 173 (Tex. 1995). Evidence that favors the movant's position will not
be considered unless it is uncontroverted. Great Am., 391 S.W.2d at 47.
If the uncontroverted evidence is from an interested witness, it does nothing
more than raise a fact issue unless it is clear, positive and direct, otherwise
credible and free from contradictions and inconsistencies, and could have been
readily controverted. Tex. R. Civ. P. 166a(c); Trico Techs. Corp. v. Montiel,
949 S.W.2d 308, 310 (Tex. 1997).
A defendant is entitled to summary
judgment if the summary judgment evidence establishes, as a matter of law, that
at least one element of a plaintiff's cause of action cannot be established. Elliott-Williams
Co. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999). The defendant as movant must
present summary judgment evidence that negates an element of the plaintiff's
claim. Id. Once the defendant produces sufficient evidence to establish
the right to summary judgment, the burden shifts to the plaintiff to come
forward with competent controverting evidence raising a genuine issue of
material fact with regard to the element challenged by the defendant. Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).
The Law
As discussed above, Appellant's
allegations against Scotsman constituted a complaint that Scotsman was negligent
in failing to maintain a safe workplace. A negligence cause of action has three
elements: 1) a legal duty; 2) breach of that duty; and 3) damages proximately
resulting from the breach. Van Horn v. Chambers, 970 S.W.2d 542, 544
(Tex. 1998). The existence of a duty is a threshold question of law. Id. The
nonexistence of a duty ends the inquiry into whether negligence liability may be
imposed. Id.
The Texas Supreme Court has held that in
cases where a plaintiff alleges negligence in maintaining a safe workplace, the
plaintiff must show that the party it asserts had a duty to provide a safe
workplace had actual control or a right of control over the specific
aspect of the safety and security of the premises that led to the plaintiff's
injury. Exxon Corp. v. Tidwell, 867 S.W.2d 19, 23 (Tex. 1993); Brooks
v. Nat'l Convenience Stores, Inc., 897 S.W.2d 898, 902-03 (Tex. App.--San
Antonio 1995, writ denied). A court cannot infer duty from evidence showing
actual control or a right of control over the general operation of the
workplace. Exxon, 867 S.W.2d at 23. Under Exxon, only
corporations that have the right to control or actually control safety and
security policies of the workplace have a duty to the workers to maintain a safe
workplace. Id.; Brooks, 897 S.W.2d at 903. Using the Exxon
standard, we examine the summary judgment evidence to determine whether it
raised a material issue of fact on whether Scotsman had actual control over or
had a right to control Kysor's forklift safety operations. See Exxon, 867
S.W.2d at 23; Brooks, 897 S.W.2d at 903.
The Summary Judgment
Evidence
Scotsman attached the affidavit of Roger
Kissam, officer and corporate secretary of both Scotsman and Kysor, to its
motion for summary judgment. Kissam stated in his affidavit that Scotsman had
never had any responsibility or control over Kysor in any aspect of hiring and
training of employees, providing safety equipment at the work site, or enforcing
safety policies. He stated that Kysor operated as an independent business
entity, and that Scotsman had not participated in day-to-day management of Kysor,
had not created or overseen safety policies at Kysor's work site, had not
conducted safety inspections, and had not owned, operated, managed, or overseen
any operations at Kysor. This evidence showed Scotsman had no control over
Kysor's forklift safety operations and negated the element of duty as to
negligence. See Exxon, 867 S.W.2d at 23; Brooks, 897 S.W.2d at
903. Appellant, therefore, had the burden to bring forth summary judgment
evidence raising a genuine issue of material fact as to duty. See Centeq
Realty, Inc., 899 S.W.2d at 197.
In his response to Scotsman's motion for
summary judgment, Appellant attached the deposition testimony of Marion Brown,
who was Kysor's acting plant manager when Appellant was injured. Appellant
argued that Brown's testimony constituted evidence raising an issue of fact on
control or right of control. Brown reported to David Frase, who was president of
Kysor. Frase, in turn, reported to the chief executive officer of Scotsman.
Brown testified that Scotsman had the right to terminate Frase, and when counsel
questioned Brown if Scotsman had the right to require Frase to terminate Brown,
Brown said, "I would assume they would."
Brown testified that at the time of
Appellant's injury, Kysor had a program to license forklift operators. Stanley
Rosenquist, Kysor's safety coordinator, administered the program and the written
examination required for issuance of a forklift operator's permit. When
questioned whether Scotsman had the right to terminate Rosenquist if Scotsman
felt that his performance was inadequate, Brown said, "I cannot imagine
that circumstance, but since they owned us . . . I assume they probably did . .
. yeah, I'm assuming they could."
Although this evidence shows that Scotsman
had some general right of control over Kysor's operations, it does not meet the Exxon
standard that requires Appellant to show that Scotsman had specific control over
the safety and security of the premises, in particular the forklift licensing
and safety program. See Exxon, 867 S.W.2d at 23; Brooks, 897
S.W.2d at 903. Viewing this evidence in a light most favorable to Appellant, it
does not raise a genuine issue of material fact. See Centeq Realty, Inc.,
899 S.W.2d at 197.
Scotsman's counsel also posed the
following hypothetical question to Brown, which Appellant objected to on the
basis of form:

        
 Q. Now, if [Scotsman] had decided that they wanted to have a common safety
 manual for Scotsman and all subsidiaries, could they have required you to use
 that?
        
 . . . .
        
 A. If they -- again, if they had created one and felt that they -- yeah, they
 owned us, so had they created such a document, sent it to us and said,
 "Incorporate this into your program," we certainly would have.

Brown answered "no" when
Appellant's counsel asked if Scotsman had reviewed Kysor's forklift operator
licensing program between March 1997 and October 1999, and testified that if
Scotsman had chosen to review the program, it had the right to do so.
This evidence also does not rise to the
level of competent summary judgment evidence. Scotsman objected to the
testimony, both at the deposition hearing and in its reply to Appellant's
response to the motion for summary judgment.(2)
The Texas Supreme Court has determined that proof of mere possibilities in a
civil case will not support the submission of an issue to the jury. Duff v.
Yelin, 751 S.W.2d 175, 176 (Tex. 1988); see also Tex. R. Evid.
401. Both questions were hypotheticals that required Brown to reach conclusions
by assuming facts not in evidence. In addition, the testimony simply shows that
Scotsman had the right to review the forklift program and does not prove actual
control or a right to control the program.
The only other summary judgment evidence
Appellant attached to his response was the deposition testimony of Rosenquist.
In our review of Rosenquist's deposition, we found no evidence that would raise
an issue of fact as to Scotsman's control or right of control over Kysor's
forklift operations. In fact, Rosenquist testified that he neither interfaced
with any employees of Scotsman nor received any safety materials from Scotsman.
We hold that Scotsman established that the
duty element of Appellant's claim was not met; therefore, the trial court did
not err in granting Scotsman's motion for summary judgment. See
Elliott-Williams Co., 9 S.W.3d at 803. We affirm the trial court's
judgment.(3)
 
                                                                       
DIXON W. HOLMAN
                                                                       
JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.
DELIVERED: April 24, 2003

1.  For grammatical purposes, we will refer to Frank
and Shirley singularly as "Appellant."
2.  Scotsman objected to the form of the question at
the deposition hearing. In its reply to Appellant's response to the motion for
summary judgment, Scotsman objected on the basis of the testimony assuming facts
not in evidence and calling for speculation.
3.  Because Appellant did not challenge the summary
judgment grounds relating to the other defendants, the judgment stands as to
those parties.