morris v. scotsman

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-337-CV

FRANK MORRIS AND WIFE, APPELLANTS

SHIRLEY MORRIS 

V.

SCOTSMAN INDUSTRIES, INC., APPELLEES

KYSOR INDUSTRIAL CORPORATION,

AND WELBILT WALK-INS, L.P.

F/K/A KYSOR NEEDHAM, L.P.

D/B/A KYSOR PANEL SYSTEMS 

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellants Frank Morris and his wife, Shirley Morris,
(footnote: 1) appeal the trial court’s order granting summary judgment in favor of Appellee Scotsman Industries, Inc.  In his sole point, Appellant complains that the trial court erred in granting summary judgment to Scotsman, arguing generally that the record contains material questions of fact precluding summary judgment.  We disagree and, therefore, affirm the trial court’s judgment.

Background

Appellant was employed by Kysor Panel Systems (“Kysor”), a wholly-owned subsidiary of Scotsman.  Appellant injured his back at work while loading a forklift.  An untrained, unlicensed forklift operator had dropped a pallet loaded with metal.  Appellant and an unidentified coworker began restacking the spilled material onto the forklift.  Appellant and the coworker lifted a pallet that weighed over one hundred pounds and suddenly, without warning, the coworker dropped his end of the pallet; Appellant was still holding the other end.  This caused Appellant to “injure his back and body.”  The parties do not dispute that on the date the accident occurred, June 15, 1999, Appellant was not an employee of Scotsman, but Scotsman was the parent company of Kysor, Appellant’s employer.

Appellant sued Kysor, Scotsman, and Welbilt Walk-ins, L.P., another parent company of Kysor, for negligence.  Appellant asserted in his first amended petition that his injuries were proximately caused by one or more negligent acts or omissions of the defendants.  
As to Scotsman, Appellant’s five allegations of negligence were that Scotsman:

1) had failed to exercise retained control of Kysor
 safety

 operations in a reasonable manner;

2) had failed to provide a trained forklift crew;

3) had failed to provide adequate lifting devices;

4) had failed to provide a safe work site; and 

5) had committed other acts of negligence to be determined at trial.

All of these allegations constitute a complaint that Scotsman was negligent in failing to maintain a safe workplace for Appellant.

All defendants moved for summary judgment.  
Scotsman argued that it owed Appellant no duty of care.  Duty was the only element of negligence Scotsman challenged.  The absence of a duty defeats a cause of action for negligence.
  Graff v. Beard,
 858 S.W.2d 918, 919 (Tex. 1993).

In his response to Scotsman’s motion for summary judgment, Appellant admitted that he did not seek to hold Scotsman liable for the acts of its subsidiary, Kysor, but instead only directly liable for its own negligent acts.  Appellant admitted that he was not alleging that Scotsman’s liability rested on its position as Kysor’s parent corporation, but only on its negligence in failing to exercise its retained control over Kysor’s safety operations.  Appellant attached to his response summary judgment evidence that he argued presented a material issue of fact on whether Scotsman had retained control over those operations.

The trial court granted summary judgment to all defendants.  Appellant appeals only the summary judgment granted to Scotsman.  Because the absence of duty was the only ground challenged in the summary judgment that related to Scotsman, it was the only ground on which the trial court could have granted the summary judgment as to Scotsman.  We affirm.

Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Rhone-Poulenc, Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999); 
Friendswood Dev. Co. v. McDade + Co.,
 926 S.W.2d 280, 282 (Tex. 1996); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.  
Rhone-Poulenc,
 997 S.W.2d at 223; 
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the movant's position will not be considered unless it is uncontroverted.  
Great Am.
, 391 S.W.2d at 47. If the uncontroverted evidence is from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.  
Tex. R. Civ. P.
 166a(c); 
Trico Techs. Corp. v. Montiel,
 949 S.W.2d 308, 310 (Tex. 1997).

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff’s cause of action cannot be established.  
Elliott-Williams Co. v. Diaz
, 9 S.W.3d 801, 803 (Tex. 1999).  The defendant as movant must present summary judgment evidence that negates an element of the plaintiff’s claim.  
Id
.  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).

The Law

As discussed above, Appellant’s allegations against Scotsman constituted a complaint that Scotsman was negligent in failing to maintain a safe workplace.  A negligence cause of action has three elements:  1) a legal duty; 2) breach of that duty; and 3) damages proximately resulting from the breach.  
Van Horn v. Chambers, 
970 S.W.2d 542, 544 (Tex. 1998).  The existence of a duty is a threshold question of law.  
Id. 
 The nonexistence of a duty ends the inquiry into whether negligence liability may be imposed.  
Id.

The Texas Supreme Court has held that in cases where a plaintiff alleges negligence in maintaining a safe workplace, the plaintiff must show that the party it asserts had a duty to provide a safe workplace had actual control or a right of control over the 
specific
 aspect of the safety and security of the premises that led to the plaintiff’s injury.  
Exxon Corp. v. Tidwell,
 867 S.W.2d 19, 23 (Tex. 1993)
; Brooks v. Nat’l Convenience Stores, Inc.,
 897 S.W.2d 898, 902-03 (Tex. App.—San Antonio 1995, writ denied)
.  A court cannot infer duty from evidence showing actual control or a right of control over the general operation of the workplace.  
Exxon, 
867 S.W.2d at 23.  Under 
Exxon,
 only corporations that have the right to control or actually control safety and security policies of the workplace have a duty to the workers to maintain a safe workplace.  
Id.; Brooks,
 897 S.W.2d at 903.  Using the 
Exxon
 standard, we examine the summary judgment evidence to determine whether it raised a material issue of fact on whether Scotsman had actual control over or had a right to control Kysor’s forklift safety operations.  
See Exxon, 
867 S.W.2d at 23; 
Brooks,
 897 S.W.2d at 903.

The Summary Judgment Evidence

Scotsman attached the affidavit of Roger Kissam, officer and corporate secretary of both Scotsman and Kysor, to its motion for summary judgment.  Kissam stated in his affidavit that Scotsman had never had any responsibility or control over Kysor in any aspect of hiring and training of employees, providing safety equipment at the work site, or enforcing safety policies.  He stated that Kysor operated as an independent business entity, and that Scotsman had not participated in day-to-day management of Kysor, had not created or overseen safety policies at Kysor’s work site, had not conducted safety inspections, and had not owned, operated, managed, or overseen any operations at Kysor.  This evidence showed Scotsman had no control over Kysor’s forklift safety operations and negated the element of duty as to negligence.  
See Exxon,
 867 S.W.2d at 23; 
Brooks,
 897 S.W.2d at 903.  Appellant, therefore, had the burden to bring forth summary judgment evidence raising a genuine issue of material fact as to duty.  
See Centeq Realty, Inc.,
 899 S.W.2d at 197.

In his response to Scotsman’s motion for summary judgment, Appellant attached the deposition testimony of Marion Brown, who was Kysor’s acting plant manager when Appellant was injured.  Appellant argued that Brown’s testimony constituted evidence raising an issue of fact on control or right of control. Brown reported to David Frase, who was president of Kysor.  Frase, in turn, reported to the chief executive officer of Scotsman.  Brown testified that Scotsman had the right to terminate Frase, and when counsel questioned Brown if Scotsman had the right to require Frase to terminate Brown, Brown said, “I would assume they would.”

Brown testified that at the time of Appellant’s injury, Kysor had a program to license forklift operators.  Stanley Rosenquist, Kysor’s safety coordinator, administered the program and the written examination required for issuance of a forklift operator’s permit.  When questioned whether Scotsman had the right to terminate Rosenquist if Scotsman felt that his performance was inadequate, Brown said, “I cannot imagine that circumstance, but since they owned us
 . . . 
I assume they probably did . . . yeah, I’m assuming they could.”

Although this evidence shows that Scotsman had some general right of control over Kysor’s operations, it does not meet the 
Exxon
 standard that requires Appellant to show that Scotsman had specific control over the safety and security of the premises, in particular the forklift licensing and safety program.  
See Exxon
, 867 S.W.2d at 23; 
Brooks,
 897 S.W.2d at 903.  Viewing this evidence in a light most favorable to Appellant, it does not raise a genuine issue of material fact.  
See Centeq Realty, Inc.,
 899 S.W.2d at 197.

Scotsman’s counsel also posed the following hypothetical question to Brown, which Appellant objected to on the basis of form: 

Q. Now, if [Scotsman] had decided that they wanted to have a common safety manual for Scotsman and all subsidiaries, could they have required you to use that?

. . . .

A. If they -- again, if they had created one and felt that they -- yeah, they owned us, so had they created such a document, sent it to us and said, “Incorporate this into your program,” we certainly would have.

Brown answered “no” when Appellant’s counsel asked if Scotsman had reviewed Kysor’s forklift operator licensing program between March 1997 and October 1999, and testified that if Scotsman had chosen to review the program, it had the right to do so.

This evidence also does not rise to the level of competent summary judgment evidence.  Scotsman objected to the testimony, both at the deposition hearing and in its reply to Appellant’s response to the motion for summary judgment.
(footnote: 2)  The Texas Supreme Court has determined that proof of mere possibilities in a civil case will not support the submission of an issue to the jury.  
Duff v. Yelin, 
751 S.W.2d 175, 176 (Tex. 1988); 
see also
 Tex. R. Evid. 
401.  Both questions were hypotheticals that required Brown to reach conclusions by assuming facts not in evidence.  In addition, the testimony simply shows that Scotsman had the right to review the forklift program and  does not prove actual control or a right to control the program.

The only other summary judgment evidence Appellant attached to his response was the deposition testimony of Rosenquist.  In our review of Rosenquist’s deposition, we found no evidence that would raise an issue of fact as to Scotsman’s control or right of control over Kysor’s forklift operations.  In fact, Rosenquist testified that he neither interfaced with any employees of Scotsman nor received any safety materials from Scotsman.

We hold that Scotsman established that the duty element of Appellant’s claim was not met; therefore, the trial court did not err in granting Scotsman’s motion for summary judgment
.  
See Elliott-Williams Co.
, 9 S.W.3d at 803.  
We affirm the trial court’s judgment.
(footnote: 3)
 

DIXON W. HOLMAN

JUSTICE

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

DELIVERED: April 24, 2003

FOOTNOTES
1:
For grammatical purposes, we will refer to Frank and Shirley singularly as “Appellant.”

2:
Scotsman objected to the form of the question at the deposition hearing.  In its reply to Appellant’s response to the motion for summary judgment
, Scotsman objected on the basis of the testimony assuming facts not in evidence and calling for speculation
.

3:
Because Appellant did not challenge the summary judgment grounds relating to the other defendants, the judgment stands as to those parties.