Opinion
issued February 3, 2011   

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00472-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



TIAKESHA LEWIS, Appellant

 

V.

 

FAMILY DOLLAR, INC., Appellee

 

 



On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 2009-35709

 

 



MEMORANDUM
OPINION

Appellant, Tiakesha Lewis, challenges
the trial court’s rendition of summary judgment in favor of appellee, Family
Dollar, Inc., in Lewis’s suit against Family Dollar for negligence and gross
negligence.  In three issues, Lewis
contends that the trial court erred in granting Family Dollar summary judgment
on that ground that that her injuries, which she sustained during an aggravated
robbery at the Family Dollar store in which she worked, were covered by workers’
compensation insurance and she had received treatment for her injuries under workers’
compensation.   

We affirm.

Background

          In
her petition, Lewis alleged that on June 7, 2008, while working as a clerk in a
Family Dollar store, a person came into the store, violently shoved her,
threatened her, and pointed a gun at her. 
She asserted claims against Family Dollar for negligence and gross
negligence.  In support of these claims,
Lewis alleged that Family Dollar had failed to provide security and adequately
staff the store.  She also alleged that
Family Dollar had knowledge of prior similar incidents that occurred at the
Family Dollar store.  Lewis claimed that
she suffered mental anguish and sought actual damages of $250,000 and exemplary
damages.  Family Dollar generally denied Lewis’s
allegations.

          In
its summary-judgment motion, Family Dollar argued that because Lewis had
“accepted benefits pursuant to Family Dollar’s workers’ compensation insurance
coverage,” she had waived her rights to assert her common law claims.  Family Dollar attached to its summary-judgment
motion the affidavits of Kenneth Magee, Family Dollar’s store manager, and Rufus
Todd, Family Dollar’s Regional Vice President. 
In his affidavit, Magee testified that Family Dollar employed Lewis as a
clerk, she was notified upon being hired by Family Dollar that Family Dollar is
a workers’ compensation insurance subscriber, and she never notified Family
Dollar of her intent to retain her common law rights and waive workers’
compensation coverage.  In his affidavit,
Todd testified that Lewis was employed by Family Dollar on June 7, 2008 at the
time of the robbery, Family Dollar maintained a workers’ compensation insurance
policy, and Lewis received counseling services pursuant to Family Dollar’s workers’
compensation insurance policy.

          In
her response, Lewis asserted that she had “retained her common law rights and
her discussions with representatives of [Family Dollar] were not an acceptance
of workers’ compensation benefits.” 
Lewis attached to her response her affidavit, in which she testified
that she was an employee of Family Dollar, Family Dollar “was grossly negligent
towards [her],” and she “did not subscribe to [her] employer’s workers
compensation plan.”  In a reply, Family
Dollar objected to Lewis’s affidavit, asserting that the affidavit testimony
was conclusory and she had failed to provide competent evidence.

          The
trial court granted Family Dollar’s summary-judgment motion, ordering that
Lewis take nothing on her claims against Family Dollar.

Standard of Review

To prevail on a summary-judgment
motion, a movant has the burden of proving that it is entitled to judgment as a
matter of law and that there is no genuine issue of material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995).  When a defendant moves for
summary judgment, it must either (1) disprove at least one essential element of
the plaintiff’s cause of action or (2) plead and conclusively establish each
essential element of its affirmative defense, thereby defeating the plaintiff’s
cause of action.  Cathey, 900 S.W.2d at 341; Yazdchi
v. Bank One, Tex., N.A., 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.]
2005, pet. denied).  When deciding
whether there is a disputed, material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  Every reasonable inference must be indulged in
favor of the non-movant and any doubts must be resolved in her favor.  Id.
at 549.

Summary Judgment

          In three issues, Lewis argues that
the trial court erred in granting Family Dollar’s summary-judgment motion
because there are fact issues concerning whether she was covered by and
received treatment under workers’ compensation insurance.  Lewis does not dispute Family Dollar’s
assertion that her claims would be barred if, in fact, Family Dollar was a worker’
compensation insurance subscriber and she was a covered employee.  Family Dollar asserts that the summary
judgment record establishes that Lewis was covered under its workers’
compensation insurance and Lewis’s affidavit testimony was conclusory.  It also asserts that Lewis did not present
any evidence to support her allegation that she was not covered under its workers’
compensation insurance, and Family Dollar notes that Lewis failed to testify to
any specific facts suggesting that she ever provided it with written
notification waiving coverage and retaining her common law and statutory
rights.

          Under
the Texas Workers’ Compensation Act (the “Act”), “[r]ecovery of workers
compensation benefits is the exclusive remedy of an employee covered by workers’
compensation insurance. . . against the employer or an agent or employee of the
employer for the death of or a work-related injury sustained by the employee.”  Tex.
Lab. Code Ann. § 408.001(a) (Vernon 2006).  Generally, unless the employee gives the
statutorily required notice, “an employee of an employer waives the employee’s
right of action at common law or under a statute of this state to recover
damages for personal injuries or death sustained in the course and scope of the
employment.”  Id. § 406.034(a) (Vernon 2006).  “An employee who desires to retain the
common-law right of action to recover damages for personal injuries or death
shall notify the employer in writing that the employee waives coverage under
this subtitle and retains all rights of action under common law.”  Id.
§ 406.034(b). Such notice must be provided not later than the fifth day after
the date on which the employee: 

(1)     begins
the employment; or 

 

(2)     receives
written notice from the employer that the employer has obtained workers’
compensation insurance coverage if the employer is not a covered employer at
the time of the employment but later obtains the coverage.

 

Id.

          Here, Family Dollar provided summary-judgment evidence that
it employed Lewis as a clerk at the time of the robbery, it notified Lewis that
it was a subscriber under the Act, it maintained a workers’ compensation
insurance policy in accordance with the Act, Lewis never notified it of her
intent to retain her common law rights and waive coverage under the Act, and,
pursuant to the Act and Family Dollar’s workers’ compensation insurance policy,
Lewis had received counseling services on two occasions in June 2008.  

In the
summary-judgment proceedings, Lewis agreed that she was a Family Dollar
employee and it was a workers’ compensation subscriber at the time of the
robbery.  She did not contradict Family
Dollar’s evidence that it had notified her that it was a workers’ compensation
subscriber or that she had, in fact, received counseling services under the
workers’ compensation policy.  

On appeal,
Lewis makes factual allegations that are substantially more specific than those
that she offered to the trial court. 
These allegations are also wholly unsupported by the record.  For example, in her appellate briefing, Lewis
states that “she was not told at the time she was hired” that Family Dollar was
a workers’ compensation subscriber, she denies having ever seen any workers’
compensation notices or “hearing anything about insurance,” she denies having
been “treated” under workers’ compensation insurance, and she claims that she
was “coerced” into signing certain documents before she was hired by Family
Dollar.[1]  No record support exists for these factual allegations.  Instead, Lewis testified only that she “did
not subscribe to [her] employer’s workers’ compensation plan.”  She did not provide any explanation for her
allegation that she was not a “subscrib[er]” to workers’ compensation.

Affidavits supporting and opposing summary
judgment must be made on personal knowledge, must set forth such facts as would
be admissible in evidence, and must affirmatively show that the affiant is
competent to testify to the matters stated therein.  Tex. R.
Civ. P. 166a(f); Ryland Group,
Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam). Conclusory
statements in an affidavit are not proper summary judgment evidence. See Tex.
R. Civ. P. 166a(f) (supporting affidavit must set forth such facts as would
be admissible in evidence); see also
Ryland Group, Inc., 924 S.W.2d at 122.  A conclusory statement is one that does not
provide the underlying facts to support the conclusion.  1001
McKinney Ltd. v. Credit Suisse First Boston Mort. Capital, 192 S.W.3d 20,
27 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  Conclusory statements in an affidavit that are
unsupported by facts are insufficient to defeat summary judgment.  CA
Partners v. Spears, 274 S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008,
pet. denied).  To serve as competent
summary judgment proof under rule 166a(c), an affidavit of an interested party
must be “clear, positive, direct, credible, free from contradiction, and
susceptible of being readily controverted.”  Haynes
v. City of Beaumont, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no
pet.); see Trico Techs. Corp. v. Montiel,
949 S.W.2d 308, 310 (Tex. 1997).  An
affidavit that makes self-serving, conclusory statements without any underlying
factual detail cannot support a summary judgment.  Haynes,
35 S.W.3d at 178. 

Family Dollar established, through
summary judgment evidence, that it was a workers’ compensation subscriber and
Lewis, as its employee, was covered by and received benefits under its workers’
compensation policy.  Lewis did not
contradict this evidence in the trial court. 
Thus, Family Dollar further established that, under controlling law,
Lewis’s exclusive remedy was available through her benefits under workers’
compensation.  We conclude that Lewis’s
affidavit, in which she stated that she was not a “subscrib[er],” without
providing any explanation as to how or why she believed she should not be
covered by the applicable workers’ compensation policy, was conclusory and,
thus, no evidence.   Thus, Lewis failed
to raise a fact issue precluding the applicability of the exclusive remedy
provision of the Act.  See Brownlee v. Brownlee, 665 S.W.2d 111,
112 (Tex. 1984) (holding that conclusory affidavit was insufficient to create
fact issue and defeat summary judgment).  
Accordingly, we hold that the trial court did not err in granting
summary judgment in favor of Family Dollar.

We overrule Lewis’s three issues.

Conclusion

          We
affirm the judgment of the trial court.

 

 

Terry Jennings

Justice

 

Panel consists of Justices Jennings,
Alcala, and Sharp.











[1]           Presumably,
with this statement, Lewis acknowledges that she may have signed documents
concerning workers’ compensation, but she also states she did not read any such
documents.  She further asserts that even
if she had knowledge that Family Dollar was a workers’ compensation subscriber,
she would not have waived workers’ compensation coverage “for fear of losing
her job.”