**Reversed and Remanded and Memorandum Majority and Dissenting Opinions filed November 14, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00363-CV

---

## GLENN E. GALLOWAY, SPENCER MOORE, BRANDY KAY PARKER-SUOMINEN, JACKIE MOORE, WANDA MOORE BAPTISTA, JACKIE MOORE, JR., AND JOHNATHAN MOORE, Appellants

## V.

## WELLS FARGO BANK, N.A., ON BEHALF OF REGISTERED HOLDERS OF BEAR STEARNS ASSET BACKED SECURTIES I, LLC, ASSET BACKED CERTIFICATES, SERIES 2007-AC6, BY AND THROUGH ITS MORTGAGE SERVICER, SELECT PORTFOLIO SERVICING, INC., Appellee

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-10729**

---

I disagree with the majority's holding that the affidavit testimony from SPS's officer—testimony that two letters were "mailed"—is conclusory. For this reason, I respectfully dissent.

Affidavit testimony is not conclusory when it identifies an attached letter and states the letter was sent; rather, this testimony is a statement of fact. *Sutton v. Sutton*, No. 14-20-00335-CV, 2021 WL 4999031, at \*5 (Tex. App.—Houston [14th Dist.] Oct. 28, 2021, no pet.) (mem. op.) (affidavit testimony identifying two attached letters and stating that the affiant sent the letters was "not conclusory because it contains statements of fact"). Generally, a statement of fact is not conclusory. *See Al Frias v. Savran HHF Storage Holdings, LLC*, No. 14-15-00376-CV, 2016 WL 5112194, at \*1–3 (Tex. App.—Houston [14th Dist.] Sept. 20, 2016, no pet.) (mem. op.) (testimony that an affiant never signed a document purportedly signed by him was a statement of fact and not conclusory); *Ortega v. Cach, LLC*, 396 S.W.3d 622, 627–28 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (testimony that an account was sold to another company was a statement of fact and not conclusory); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 670 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (testimony that there was water on the floor and no "caution" sign were statements of fact that could have been rebutted and were not conclusory).

A summary judgment may be based on the uncontroverted affidavit of an interested witness if the testimony is "clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997) (citing Tex. R. Civ. P. 166a(c)). Such affidavit testimony is not conclusory. *See New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 164–65 (Tex. 2004); *Dunham Eng'g,*

*Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 797 n.6 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "'Could have been readily controverted' does not mean that the summary judgment evidence could have been easily and conveniently rebutted, but rather indicates that the testimony could have been effectively countered by opposing evidence." *Trico*, 949 S.W.2d at 310.

Here, SPS's affidavit is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. Appellants could have, but have not, controverted SPS's factual assertion of mailing with testimony that the letters were never received. *See Sudduth v. Commonwealth Cnty. Mut. Ins. Co.*, 454 S.W.2d 196, 197–98 (Tex. 1970) (testimony of non-receipt of a letter sent through the mail is some evidence, sufficient to create a fact issue, that the letter was not mailed).

The two cases relied upon by the majority are inapposite because in those cases there was no affidavit testimony stating that the letters were mailed. *See Sellers v. Foster*, 199 S.W.3d 385, 395 (Tex. App.—Fort Worth 2006, no pet.); *Moore v. King,* No. 01-95-00561-CV, 1996 WL 67951, at *3 (Tex. App.—Houston [1st Dist.] Feb. 15, 1996, no writ) (per curiam) (not designated for publication).

I respectfully dissent.


/s/    Ken Wise
Justice


Panel consists of Justices Wise, Spain, and Hassan. (Hassan, J., majority).