**DOUBLE DIAMOND, INC. and R. Mike Ward, Appellants,**

**v.**

**Dick VAN TYNE, Appellee.**

**No. 05–01–01888–CV.**

Court of Appeals of Texas, Dallas.

July 3, 2003.

Andrew F. Emerson and Bruce K. Thomas, Law Office of Andrew F. Emerson, Dallas, for Appellants.

Larry Bracken, Law, Snakard & Gambill, Fort Worth, for Appellee.

Before Justices MORRIS, MOSELEY and FRANCIS.

## OPINION

Opinion By Justice MORRIS.

In this case, Double Diamond, Inc. and R. Mike Ward appeal the trial court's take-nothing summary judgment on their claims for defamation and declaratory judgment. We conclude the trial court should not have granted summary judgment against appellants on their declaratory judgment claim. We reverse that portion of the judgment and remand to the trial court for further proceedings. We affirm the trial court's summary judgment on appellants' defamation claim.

### I.

Double Diamond, Inc. is a real estate development company that owns a resort development known as White Bluff on Lake Whitney in Hill County, Texas. R.

Mike Ward is the president and owner of Double Diamond, Inc. White Bluff is a gated residential community with approximately 6000 property owners, all of whom are members of the White Bluff Property Owners Association. Ward is president of the property owners' association and serves on its board of directors. Property owners pay dues to the association for the operation and maintenance of common areas in the development.

Dick Van Tyne is a property owner in White Bluff. Van Tyne became dissatisfied with Double Diamond's and Ward's management of White Bluff. He organized a group of property owners, known as the White Bluff Group Trust, for the purpose of running a slate of candidates, including himself, for election to the association's board of directors. As part of his effort to elect these candidates, Van Tyne prepared three documents criticizing Double Diamond's management and development of the resort: a letter dated April 24, 2000 that was mailed to White Bluff property owners, a letter dated May 14, 2000 that may have been mailed to property owners[1], and a flier dated May 17, 2000 that was handed out at a property owners' association annual meeting.

Each document contained statements that Double Diamond and Ward contend are defamatory. They sued Van Tyne for defamation and sought a declaratory judgment as to the truth of the statements and Van Tyne's right to publish derogatory statements about the resort. Van Tyne moved for summary judgment on all of appellants' claims, arguing the statements were not capable of defamatory meaning and that, even if the statements were defamatory, he had a qualified privilege to

---

1. The parties dispute whether the May 14, 2000 letter was distributed to property owners. We conclude that whether the May 14 letter was distributed does not impact the disposition of this appeal because the statements in that letter about which appellants complain were also published in the other two documents.

publish them to other property owners. The trial court granted Van Tyne's motion for summary judgment and signed a take-nothing final judgment against Double Diamond and Ward. In their appeal challenging the trial court's judgment, Double Diamond and Ward present four issues to be decided.

## II.

■ In their first issue, Double Diamond and Ward complain the trial court erred in granting summary judgment against them on their claim for declaratory judgment because Van Tyne's motion for summary judgment did not address that claim. We agree.

In Van Tyne's motion for summary judgment, there was no mention of the declaratory judgment claim made against him. In the final judgment, however, the trial court granted the motion for summary judgment, ordered that Double Diamond and Ward take nothing, and purported to dispose of all parties and issues.

■ Although Van Tyne filed both a no-evidence motion for summary judgment under rule 166a(i) and a traditional motion for summary judgment under rule 166a(c), the trial court granted only the rule 166a(c) motion. Rule 166a(c) provides that a motion for summary judgment must "state the specific grounds therefor." TEX.R. CIV. P. 166a(c). A summary judgment motion must "stand or fall on the grounds expressly presented in the motion." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993). Granting a motion for summary judgment on a cause of action not addressed in the motion is reversible error. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983). We conclude the trial court erred in granting a take-nothing summary judgment in favor of Van Tyne when his motion for summary judgment failed to address appellants' declaratory judgment cause of action. We resolve appellants' first issue in their favor.[2]

· In their second and third issues, Double Diamond and Ward complain the trial court improperly granted summary judgment against them on their claims for defamation. In their fourth issue, Double Diamond and Ward argue the trial court erred in overruling their objections to Van Tyne's affidavit in support of his motion for summary judgment. We address appellants' fourth issue first.

■ Though their briefing on the fourth issue is sparse, appellants refer us to the record containing their 177 written objections to Van Tyne's affidavit. The objections run to virtually every paragraph in the ten-page affidavit. As previously stated, the trial court overruled the objections. We review a trial court's decision to admit or exclude summary judgment evidence under an abuse of discretion standard. *See Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998).

■ In many of their objections, Double Diamond and Ward asserted Van Tyne is an interested witness whose affidavit testimony fails to comply with Texas Rule of Civil Procedure 166a(c)'s requirements for summary judgment evidence. Under rule 166a(c), an affidavit of an interested witness may support a summary judgment if the evidence is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R. CIV. P. 166a(c). The phrase "could have been readily controverted" does not simply mean that the summary judgment proof

---

**2.** We note that Van Tyne did not specially except to appellants' claim for declaratory judgment, and we express no opinion on the merits of that claim.

could have been easily and conveniently rebutted but rather indicates that the testimony could have been effectively countered by opposing evidence. *Trico Tech. Corp. v. Montiel,* 949 S.W.2d 308, 310 (Tex. 1997). Double Diamond and Ward complained specifically about several statements in Van Tyne's affidavit relating to the condition of the roads and the water and sewer systems within the development. Contrary to appellants' contention, these statements could have been effectively countered by opposing testimony. We conclude the statements satisfy the requirements of rule 166a(c).

Double Diamond and Ward also pointed out instances in Van Tyne's affidavit in which he testifies about his belief that his written statements at issue reflected his opinion, his belief that statements he made were truthful, and his lack of intent to deceive or mislead. They argue such testimony is not readily controvertible. In a defamation case, a defendant may testify by affidavit about his subjective state of mind and his belief about the challenged statements' truth or falsity. *See Casso v. Brand,* 776 S.W.2d 551, 559 (Tex.1989). The trial court did not abuse its discretion in overruling these objections.

Double Diamond and Ward also asserted numerous objections to statements in the affidavit on the ground they were conclusory. We have examined the complained-of testimony, and we conclude Van Tyne provided the underlying factual bases for his statements. *See Rizkallah v. Conner,* 952 S.W.2d 580, 587 (Tex.App.-Houston [1st Dist.] 1997, no writ). Accordingly, the trial court did not abuse its discretion in overruling these objections.

Double Diamond and Ward next argue that any affidavit testimony by Van Tyne in which he attempts to characterize the three challenged documents violates the best evidence rule, and they asserted several objections on this ground. Under Texas Rule of Evidence 1002, the original writing is required to prove the contents of a writing. Tex.R. Evid. 1002. The rule does not apply unless a party is seeking to prove the contents of a document. *See White v. Bath,* 825 S.W.2d 227, 231 (Tex. App.-Houston [14th Dist.] 1992, writ denied). Here, Van Tyne was not attempting to prove the contents of the challenged documents. Indeed, there is no dispute about what those documents say. The trial court did not abuse its discretion in overruling these objections.

Double Diamond and Ward also complained, in several objections, that Van Tyne offered opinion testimony about the condition of the roads and water and sewer systems in the development without being qualified as an expert. Contrary to their assertions, however, Van Tyne was not attempting to testify as an expert in his affidavit. Instead, he described what he observed about the roads and the water system and explained how his observations formed the basis of the statements he made in the allegedly defamatory documents. A lay witness is entitled to testify about opinions that are rationally based on the witness's perception. Tex.R. Evid. 701. Moreover, in a defamation case, whether the challenged statements are an expression of opinion is an issue. We conclude the trial court did not abuse its discretion in overruling these objections. We resolve appellants' fourth issue against them.

In their second and third issues, Double Diamond and Ward complain, as previously stated, that the trial court improperly granted summary judgment against them on their claims for defamation. Double Diamond and Ward argue Van Tyne did not establish, as a matter of law, that the statements at issue were incapable of de-

famatory meaning or that the statements were subject to a qualified privilege. We conclude otherwise for the following reasons.

The standard for reviewing a summary judgment is well established. The movant must show no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant who conclusively negates at least one of the essential elements of a cause of action is entitled to summary judgment with respect to that cause of action. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. *Id.* In reviewing a summary judgment, we accept as true all evidence favoring the nonmovant, indulge every reasonable inference and resolve all doubts in the nonmovant's favor. *Id.*

In his motion for summary judgment, Van Tyne asserted two grounds: (1) the statements at issue were not defamatory; and (2) the statements were protected by qualified privilege. The trial court's final judgment did not specify the ground on which summary judgment was granted. Consequently, we will affirm the judgment if any of the theories advanced in the motion are meritorious. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

■■■■ A statement is defamatory if it exposes a person to "public hatred, contempt or ridicule, or financial injury or [if it] impeach[es] any person's honesty, integrity, virtue, or reputation." Tex. Civ. Prac. & Rem.Code Ann. § 73.001 (Vernon 1997). Publication of defamatory words means to communicate the words, either orally, in writing, or in print, to a third person capable of understanding their defamatory import and in such a way that

the third person would understand. *See Ramos v. Henry C. Beck Co.*, 711 S.W.2d 331, 335 (Tex.App.-Dallas 1986, no writ). Whether a publication is capable of the defamatory meaning alleged by the plaintiff is a question of law to be determined by the court. *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 114 (Tex.2000).

■■■■ We construe the alleged defamatory publication as a whole, in light of the surrounding circumstances, based upon how a person of ordinary intelligence would perceive it. *Id.* A statement may be false, abusive, unpleasant or objectionable to the plaintiff and still not be defamatory in light of the surrounding circumstances. *Durckel v. St. Joseph Hosp.*, 78 S.W.3d 576, 583–84 (Tex.App.-Houston [14th Dist.] 2002, no pet.). The threshold question, then, is whether the complained-of statements are reasonably capable of a defamatory meaning. *Musser v. Smith Protective Servs.*, 723 S.W.2d 653, 655 (Tex.1987). If not, summary judgment is proper. *See Gaylord Broad. Co. v. Francis*, 7 S.W.3d 279, 283 (Tex.App.-Dallas 1999, pet. denied).

■■■■ Double Diamond and Ward complain specifically about four individual statements in the documents published by Van Tyne. Three of the statements appear in the May 17 flier. The fourth statement is contained in the April 24 letter. We conclude none of the complained-of statements defame Double Diamond or Ward. We note that Ward is not mentioned by name in any of the four statements. Therefore, none of the statements defame him personally. Statements that neither identify the plaintiff nor set forth any wrongful conduct have no defamatory meaning. *Durckel v. St. Joseph Hosp.*, 78 S.W.3d at 583. We address the statements in the flier, as they relate to Double Diamond, first.

Van Tyne handed out the flier, entitled "Property Owner Concerns and Proposed Solutions," to people attending the annual meeting of the property owners' association, at which the association's board of directors would be elected. The election was contested and Van Tyne hoped to have his slate of director candidates elected. The flier is a piece of campaign literature; it urges homeowners to "vote [for] these candidates" and lists their names and biographical information. In addition, it sets out a list of "concerns" and "proposed solutions" offered by the listed candidates. In light of these surrounding circumstances, an ordinary person reading this document would perceive it as nothing more than it purports to be: a candidate's list of items at issue in a contested election, setting out the candidate's positions on the issues.

■■■■ Although Ward is not mentioned, both Double Diamond and Ward first complain about the following sentence in the flier:

There is presently no revenue paid to the [property owners' association] for those guests of the developer that enter White Bluff to use the Hotel, Restaurant, Conference Center, or Golf Courses, even though the [property owners' association] pays expenses to maintain the roads providing access to these facilities and the full maintenance expenses of the golf courses, pools, tennis courts, etc.

This statement, Double Diamond and Ward contend, fails to mention a $50,000 contribution that Double Diamond made to the association in 2000 and also falsely accuses them of diverting homeowners' dues to maintain "special roads" utilized by the developer's guests. This statement does not expose Double Diamond to public hatred, ridicule or contempt, nor does it impeach its integrity or reputation. More-

over, appellants concede that the second half of the statement is true. True statements cannot form the basis of a defamation complaint. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d at 646. We conclude, as a matter of law, this statement is not defamatory.

■■■■ Double Diamond and Ward next complain the following statement in the flier defamed them:

The White Bluff roads were not constructed to support the heavy truck traffic required for the construction of golf courses and homes, causing high [property owners' association] road maintenance expense and the water and sewer systems are not designed for the increasing needs of additional homes and resort properties in White Bluff.

Double Diamond and Ward contend this statement is false, held them out to ridicule, and injured their business. Van Tyne responds that the statement merely states his concerns about the roads and water system in the development, based on his personal observations of them. Unquestionably, the statement is opinionated criticism. But criticism alone is not necessarily defamatory. *See Durckel v. St. Joseph Hosp.*, 78 S.W.3d at 583–84. The statement made is not so egregious that it tends to impeach Double Diamond's honesty, integrity, virtue, or reputation. And it does not subject Double Diamond to public hatred, contempt, ridicule, or financial injury. We conclude this statement is not defamatory as a matter of law.

■■■ The third alleged defamatory statement in the flier declared that "No 'certified' audits of [property owners' association] books have even been presented to the membership." Double Diamond and Ward concede this statement is true. As such, it cannot be the basis of a defamation claim. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d at 646.

Finally, Double Diamond and Ward complain about the following statement contained in the April 24 letter:

> Your POA *is* responsible for the maintenance and utility expense of White Bluff amenities such as: roads, golf courses, camping areas, swimming pools, pavilions, tennis courts, the marina (not usable at the current low lake level), a softball diamond, and 24 hr. 'security.' Your POA *is not* responsible for the maintenance and utility expenses of the White Bluff hotels, rental condos, timeshare units, log cabins, conference center, fitness center, or the ships store.

Double Diamond and Ward contend this statement falsely suggests homeowners' dues are being used for improper purposes. Van Tyne's summary judgment evidence demonstrated that this statement is taken almost verbatim from the property owners' association bylaws. We fail to see how a person of ordinary intelligence could attribute a defamatory meaning to this statement, which appears to be true. We conclude this statement is not reasonably capable of a defamatory meaning.

Having concluded that none of the complained-of statements are defamatory as a matter of law, we resolve Double Diamond's and Ward's second and third issues against them.

We reverse the trial court's judgment with respect to the declaratory judgment claim, and remand that portion of the judgment to the trial court for further proceedings. In all other respects, we affirm the trial court's judgment.