NUMBER 13-04-00193-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


STEVE CHILDERS, Appellant,


v.
 


ADVANCED FOUNDATION REPAIRS, L.P. Appellee.

 


On appeal from the 105th District Court of Kleberg County, Texas.


 


MEMORANDUM OPINION ON REMAND



Before Chief Justice Valdez and Justices Rodriguez and Benavides


Memorandum Opinion by Chief Justice Valdez
 


 Appellant Steve Childers appeals from a trial court's order granting appellee
Advanced Foundation Repairs's ("AFR") motion to dismiss without prejudice due to an
arbitration agreement. By two issues, Childers argues that the trial court erred by (1)
overruling his objections to an affidavit offered by AFR and (2) compelling him to
arbitration. We affirm.

I. BACKGROUND

 Childers sued AFR for negligence, breach of contract, breach of "implied warranty
of good and workmanlike services," and violations of the Deceptive Trade Practices Act in
connection with foundation repair work AFR had contracted to perform. (1) The contract
between the parties had an arbitration provision, which specifically provided that:

In the event that Owner and Company cannot agree that the movement in
the foundation has been controlled and settlement is within the tolerances
specified above, it is specifically agreed by acceptance of this warranty that
the matter shall be determined by binding arbitration as follows: . . .
Arbitration shall be conducted in accordance with the rules prevailing of the
American Arbitration Association or any successor thereto.


When sued by Childers, AFR filed a motion to dismiss all claims without prejudice due to
the arbitration agreement. 

 AFR's motion argued that (1) a valid arbitration agreement existed, (2) Childers's
claims fell within the scope of the arbitration agreement, and (3) the Federal Arbitration Act
(FAA), 9 U.S.C. 1, et seq. (2005), governed the dispute. Seeking to establish that the
dispute involved interstate commerce, and thus the applicability of the FAA, AFR attached
an affidavit by Frederick S. Marshall, an agent of AFR, to its motion. (2) Marshall's affidavit
contends, among other things, that the "materials used in the foundation repair work which
is the subject of this case were manufactured outside the State of Texas." In a written
response, Childers challenged specific portions of the affidavit as not being susceptible to
controversion and as being conclusory.

 In a single document, the trial court granted AFR's motion and entered a final
judgment dismissing all other claims and disposing "of this case in the entirety." Childers
directly appealed.

II. DISCUSSION

A. Issue 1: Childers's Objections to AFR's Affidavit

 As in the trial court, Childers complains on appeal that none of the materials listed
in Marshall's affidavit were sufficiently identified in any respect to enable a proper
investigation, and thus it was not susceptible to being controverted. Childers specifically
objected to the following statements:

6. Materials used in the foundation repair work which is the subject of
this case were manufactured outside of the State of Texas.


7. Vehicles and equipment purchased by AFR and used in the
foundation repair work which is the subject of this case were
manufactured outside of the State of Texas.


8. Trucks used in the foundation repair work which is the subject of this
case were manufactured outside the State of Texas.


9. Trailers used in the foundation repair work which is the subject of this
case were manufactured outside the State of Texas.


10. Hydraulic equipment used in the foundation repair work which is the
subject of this case were manufactured outside the State of Texas.


11. Hydraulic Oils used in the foundation repair work which is the subject
of this case were manufactured outside the State of Texas.


12. Hand tools used in the foundation repair work which is the subject of
this case were manufactured outside the State of Texas.


13. Steel shims used in the foundation repair work which is the subject of
this case were manufactured outside the State of Texas.


14. Bottle jacks used in the foundation repair work which is the subject of
this case were manufactured outside the State of Texas.


15. Concrete products used in the foundation repair work which is the
subject of this case were manufactured outside the State of Texas.

Childers also argues that Marshall's affidavit contained conclusory statements of fact and
law, which are improper as dispositive motion evidence. 

 An affidavit purporting to invoke the FAA may be proper evidence so long as it is
clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and
could have been readily controverted. Trico Techs. Corp. v. Montiel, 949 S.W.2d 308, 310
(Tex. 1997). Here, AFR submitted to the trial court an affidavit listing materials and items
that involved or related to interstate commerce. Childers's contention that Marshall's
affidavit was not susceptible to being controverted fails because ample discovery tactics
are available to discover the information Childers sought. Childers made no attempt at
discovery though AFR's affidavit regarding the interstate aspects of the contract. See, e.g.,
Trico, 949 S.W.2d at 310 (providing that affidavit could have been readily controverted if
in discovery opposing party had inquired into similar discharge instances); Crooks v.
Moses, 138 S.W.3d 629, 642 (Tex. App.-Dallas 2004, no writ) (concluding that the trial
court could properly rely on deposition testimony where no attempt at discovery to
controvert had been made); Double Diamond, Inc. v. Van Tyne, 109 S.W.3d 848, 853 (Tex.
App.-Dallas 2003, no pet.) (setting out that statements in affidavit could have been
effectively countered by opposing testimony); Eckels v. Davis, 111 S.W.3d 687, 698 (Tex.
App.-Fort Worth 2003, pet. denied) (holding that deposition could have effectively
countered opposing evidence). Thus, Childers's controversion argument fails.

 In addition to objecting to Marshall's affidavit on controversion grounds, Childers
also maintains that the affidavit contains conclusory statements. A conclusory statement
is one that does not provide the underlying facts to support the conclusion. Rizkallah v.
Conner, 952 S.W.2d 580, 587 (Tex. App.-Houston [1st Dist.] 1997, no writ). Logical
conclusions based on stated underlying facts are proper. Id. We fail to see how the
aforementioned statements are conclusory. Marshall lists specific items and asserts that
they were used in the repair of Childers's foundation and were manufactured out of state. 
Childers's conclusory argument lacks merit. Accordingly, Childers's first issue is overruled.

B. Issue 2: The Trial Court's Ruling on Arbitration

 By his second issue, Childers contends that the trial court erred in compelling
arbitration. (3)
 Childers's second issue contains three sub-issues, which may be categorized
as challenging (1) the application of the FAA, (2) the scope of the agreement, and (3)
AFR's right to arbitrate based upon an allegation of waiver. See Tex. R. App. P. 38.1(e)
(providing that the statement covering an issue or point will be treated as covering every
subsidiary question that is fairly included). We address these sub-issues in the order
presented.

 1. Application of the FAA

 Childers's first sub-issue challenges the application of the FAA. Therefore, our first
task is to determine if it applies to this case. The FAA "applies to all suits in state or federal
court when the dispute concerns 'a contract evidencing a transaction involving commerce.'"
Anglin, 842 S.W.2d at 269-70 (quoting 9 U.S.C.S. § 2 (2000)); In re Profanchik, 31 S.W.3d
381, 384 (Tex. App.-Corpus Christi 2000, orig. proceeding). The United States Supreme
Court has held that the word "involving" in the FAA is broad and the functional equivalent
of "affecting," signaling Congress's intent to exercise its Commerce Clause powers to the
fullest. Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 268 (1995); L&L Kempwood
Assocs., L.L.P. v. Omega Builders, Inc., 9 S.W.3d 125, 127 (Tex. 1999) (orig. proceeding)
(per curiam). The transaction must "in fact" involve interstate commerce. Allied-Bruce
Terminix, 513 U.S. at 281. The FAA does not require a substantial effect on interstate
commerce; rather, it requires only that commerce be involved or affected. L&L Kempwood
Assocs., 9 S.W.3d at 127. 

 A party who alleges a transaction involving interstate commerce may show it in
several ways: (1) location of headquarters in another state, (2) transportation of materials
across state lines, (3) manufacture of parts in a different state, (4) billings prepared out of
state, and (5) interstate mail and phone calls in support of a contract. See Stewart Title
Guar. Co. v. Mack, 945 S.W.2d 330, 333 (Tex. App.-Houston [1st Dist.] 1997, orig.
proceeding); see also Anglin, 842 S.W.2d at 270. When, as here, there is no express
agreement to arbitrate under the FAA, the question of whether the parties' transaction
affects interstate commerce is one of fact. In re Profanchik, 31 S.W.3d at 384.

 According to Marshall's affidavit, some of the materials and equipment used in
repairing the foundation came from outside the state of Texas. Other than objecting to
Marshall's affidavit, Childers offered no evidence to the contrary. Having already overruled
Childers's objection to Marshall's affidavit, we conclude that AFR met its burden to show
that the arbitration agreement is governed by the FAA. Childers's first sub-issue fails.

 2. Scope of the Arbitration Agreement

 Under his second sub-issue, Childers argues that the parties only intended to
arbitrate warranty disputes and that his causes of action fall outside of the warranty. We
disagree.

 Under federal law, whether a claim falls within the scope of an arbitration agreement
depends on the factual allegations of the complaint, rather than the legal cause of action
asserted. See Prudential Secs., Inc. v. Marshall, 909 S.W.2d 896, 899 (Tex. 1995) (orig.
proceeding); see also Ikon Office Solutions, Inc. v. Eifert, 2 S.W.3d 688, 697 (Tex.
App.-Houston [14th Dist.] 1999, orig. proceeding); Prudential-Bache Secs., Inc. v. Garza,
848 S.W.2d 803, 807 (Tex. App.-Corpus Christi 1993, orig. proceeding). 

 Childers's causes of action fall within the scope of the agreement based upon his
factual allegations. In his original petition Childers alleges that AFR failed to satisfactorily
fulfill its warranty obligations. Specifically, Childers alleged that he had the foundation
inspected by a professional engineer and "it was determined the structure had a variance
in elevation of as much as 1.92" over a 33'' length, which is outside the tolerance specified
by AFR in the subject contract." (Emphasis added.) AFR's warranty guaranteed that the
foundation would be permanently stabilized to within one part in 240 parts for the life of the
structure. The arbitration provision of the contract provided, "[i]n the event that Owner and
Company cannot agree that the movement in the foundation has been controlled and
settlement is within the tolerances specified above . . . the matter shall be determined by
binding arbitration. . . ." Childers's own factual allegations center around AFR's
performance of its contractual obligations. Childers's scope of agreement sub-issue,
therefore, lacks merit.

 3. Waiver of Arbitration Agreement

 Childers's only defense against the arbitration agreement is that AFR waived its right
to arbitration by contending that the warranty was null and void based upon Childers's
failure to timely pay the amount due. In support of his waiver argument, Childers's
attached a letter from AFR's counsel to his counsel discussing the dispute and stating that,
"In spite of the fact that there is no warranty on this work and that the payment problem
had occurred. Advanced at its expense did come to the home to check elevation on a
number of occasions at Mr. Childers['s] request . . . ." Childers asserts that it would be
unconscionable to allow AFR to now maintain that arbitration is mandatory.

 There is a strong presumption against waiver under the FAA. In re D. Wilson
Constr. Co., 196 S.W.3d 774, 783 (Tex. 2006) (orig. proceeding); see In re Vesta Ins.
Group, Inc., 192 S.W.3d 759, 763 (Tex. 2006) (orig. proceeding). A "heavy burden of
proof" is required to establish waiver of arbitration rights, and the court must resolve all
doubt in favor of arbitration. In re Bruce Terminix Co., 988 S.W.2d 702, 702 (Tex. 1998)
(orig. proceeding). Waiver occurs only where "a party has acted inconsistently with its right
to arbitrate and such actions prejudiced the other party." In re Oakwood Homes, 987
S.W.2d 571, 574 (Tex. 1999) (orig. proceeding). Waiver of an arbitration right must be
intentional. EZ Pawn Corp., 934 S.W.2d 87, 89 (Tex. 1986) (orig. proceeding); In re
Certain Underwriters at Lloyd's, 18 S.W.3d 867, 872 (Tex. App.-Beaumont 2000, orig.
proceeding). 

 Actions that raise the issue of waiver may include some combination of filing an
answer, setting up a counterclaim, pursuing extensive discovery, moving for a continuance,
and failing to timely request arbitration. See In re Certain Underwriters at Lloyd's, 18
S.W.3d 867, 872-73 (Tex. App.-Beaumont 2000, orig. proceeding); Sedillo v. Campbell,
5 S.W.3d 824, 827 (Tex. App.-Houston [14th Dist.] 1999, orig. proceeding); Cent. Nat'l Ins.
Co. v. Lerner, 856 S.W.2d 492, 494 (Tex. App.-Houston [1st Dist.] 1993, orig. proceeding). 
The question of waiver depends on the individual circumstances of each case. Sedillo, 5
S.W.3d at 827. Delay alone generally does not establish waiver. In re Vesta, 192 S.W.3d
at 763.

 In the instant case, AFR's letter was dated July 22, 2003. Childers filed his original
petition on September 29, 2003. The letter plainly expresses an intent to resolve the
dispute regardless of AFR's position on the warranty before litigation began. Attempts at
settlement are not inconsistent with an inclination to arbitrate and do not preclude the
exercise of a right to arbitration. In re Certain Underwriters at Lloyd's, 18 S.W.3d at 876
(citing Walker v. J. C. Bradford & Co., 938 F.2d 575, 578 (5th Cir. 1991)); D. Wilson Constr.
Co. v. McAllen Indep. Sch. Dist., 848 S.W.2d 226, 230 (Tex. App.-Corpus Christi 1992,
writ dism'd w.o.j.). 

 Besides offering the letter, Childers has failed to show how AFR acted inconsistently
with regard to arbitration. To the contrary, AFR acted as if the warranty was still in place
by performing some work after Childers missed payment and offering further inspections
of the foundation. Childers has not met his heavy burden of proving waiver. In re Bruce
Terminix Co., 988 S.W.2d at 702. This waiver sub-issue fails.

 We overrule Childers's second issue.III. CONCLUSION

 On remand, the judgment of the trial court is affirmed.


 

 ROGELIO VALDEZ,

 Chief Justice



Memorandum Opinion delivered and filed 

this the 12th day of July, 2007.

 
1. The contract provided that AFR would permanently stabilize the foundation to within one part in 240
parts for the life of the structure. 
2. See Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 269 (Tex. 1992) (orig. proceeding) (holding that
a trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings,
discovery, and stipulations). 
3. Orders compelling arbitration are usually interlocutory. Brook v. Pep Boys Auto. Superctrs., Inc.,
104 S.W.3d 656, 660 (Tex. App.-Houston [1st Dist.] 2003, no pet.). However, the Texas Supreme Court has
instructed us otherwise in the instant case. Childers v. Advanced Found. Repair, L.P., 193 S.W.3d 897, 898
(Tex. 2006) (holding order compelling arbitration was final where court dismissed the case "in its entirety"). 
Given the unique procedural posture, we will analyze Childers's second issue only as it is briefed - a challenge
to a motion to compel arbitration.