**Affirmed and Opinion filed February 25, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00031-CV

---

### NASSER CHEHAB, Appellant

### V.

### EDGEWOOD DEVELOPMENT, LTD., Appellee

---

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2019-52770**

---

## O P I N I O N

Appellant Nasser Chehab appeals a summary judgment dismissing with prejudice his defamation and negligence claims against appellee Edgewood Development, Ltd.  Chehab contends the summary judgment was error because: (1) Edgewood failed to establish conclusively its entitlement to summary judgment on his defamation claim; and (2) Edgewood's motion failed to address a pending claim for intentional infliction of emotional distress.  We affirm.

## Background

Chehab and Edgewood signed a lease agreement for rental of office space located at 7670 Woodway in Houston. Caldwell Management Services representative Gladys Lantzsch managed the premises on Edgewood's behalf. The lease term was eighty-eight months, commencing on June 1, 2017. Rent was to be paid on the first day of the month. Other relevant provisions of the lease included:

- the lease is governed by and construed in accordance with the laws of Texas;
- the term "Event of Default" includes Chehab's failure to pay rent within five days of delivery of Edgewood's notice that it is due;
- if an Event of Default occurs, Edgewood has the right to change the premises' locks; and
- if Edgewood changes the locks, it has "no obligation" to post any notices of any kind, including that notice provided for in Texas Property Code section 93.002.

In January 2019, Chehab missed his rent payment. He emailed Lantzsch on January 19 and indicated that he could not make either the January or February rent payments on time, but that he would become current on his rental payments by mid-February. Lantzsch responded by asking for the actual date that Chehab would make payment. On January 22, Chehab replied that the past-due rent payments would be made by February 15, 2019. Lantzsch emailed back on January 23 that the owner had agreed to the extended date on condition that "the money MUST be in our bank account" on February 15, including late fees. Chehab failed to make the rental payments by February 15.

On February 18, a Chehab employee discovered that the locks had been changed. Edgewood posted a "Notice to Tenant" inside the glass front door of the premises, facing outward. The notice ("lockout notice") provided:

Pursuant to Property Code 93.0002(f) [sic], this is to provide you with notice that Edgewood Development, Ltd., the Landlord, has changed the door lock of this suite. In order to obtain a new key, Tenant should contact <u>Gladys Lantzsch</u> at Caldwell Companies located at 13100 Wortham Center Drive, 3rd Floor, Houston, Texas 77065, (713) 933-3374 Monday through Friday 8AM to 5PM or (713) 690-0000.

By this action, Landlord has not elected to terminate Tenant's lease, and shall do so only by written notice thereof. Tenant remains liable for the full performance of the lease, including the timely payment of all monetary amounts due there under.

About one week after Edgewood posted the lockout notice, Chehab paid the rent and regained access to the premises.

On July 31, 2019, Chehab, representing himself, sued Edgewood, alleging that the lockout notice was libelous per se. Edgewood answered and filed a traditional motion for summary judgment. In the motion, Edgewood specifically and expressly argued that "as a matter of law the language in the Lockout Notice is not defamatory" and that it "was not acting with negligence when it posted the lockout notice." Edgewood additionally sought sanctions against Chehab under Civil Practice and Remedies Code section 10.002 for filing a frivolous claim. Chehab amended his petition in November, reiterating his prior libel per se claim more broadly as a defamation claim and more specifically alleging that Edgewood was negligent in posting the lockout notice. Chehab also filed a response to Edgewood's motion, and Edgewood replied to Chehab's response. In Edgewood's reply, Edgewood recognized that Chehab's first amended petition was the live pleading, and it urged that its summary judgment motion, which addressed both defamation and negligence, covered Chehab's amended pleading. The court heard Edgewood's summary judgment motion on December 16, 2019.

Three days before the hearing, Chehab filed a second amended petition on December 13, 2019, adding a claim for intentional infliction of emotional distress

3

based on the lockout notice. He did not seek leave of court to file this amended pleading, nor does any order granting leave appear in our record. The trial court granted Edgewood's motion the day of the hearing and signed a judgment that day, dismissing with prejudice all of Chehab's claims. The court struck the portion of Edgewood's proposed judgment awarding Edgewood sanctions.

Chehab timely appealed.

## Standard of Review

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Assoc., Inc.*, 556 S.W.3d 274, 278 (Tex. 2018); *Texan Land & Cattle II, Ltd. v. ExxonMobil Pipeline Co.*, 579 S.W.3d 540, 542 (Tex. App.—Houston [14th Dist.] 2019, no pet.). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). If the movant meets its initial burden, the burden shifts to the nonmovant to present any issue that would preclude summary judgment. *Lyda Swinerton Builders, Inc. v. Cathay Bank*, 409 S.W.3d 221, 229 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). In reviewing a summary judgment, we consider only grounds that were expressly set forth in the motion. *Id.*

## Analysis

Chehab challenges the trial court's judgment on two grounds. First, he asserts that there is a genuine issue of material fact on his defamation claim. Second, he contends that he amended his petition to add a claim for intentional infliction of emotional distress before the trial court granted the summary judgment, and thus,

4

the summary judgment was error. Before we discuss the merits, however, we pause to briefly address our appellate jurisdiction.

## A. The summary judgment order is a final judgment.

### 1. *The order disposed of all claims of all parties*.

In his brief, Chehab suggests that the order granting Edgewood's summary judgment motion is not final. For example, he quotes language from *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199 (Tex. 2001), and references that case in his second issue. As we have an independent obligation to assess our appellate jurisdiction in all events, we first consider whether the order is an appealable final judgment. *E.g.*, *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Generally, appeals may be taken only from final judgments. *See Lehmann*, 39 S.W.3d at 195. An order issued without a conventional trial on the merits, like the summary judgment order here, is final for purposes of appeal if it (1) actually disposes of all claims and all parties before the court, or (2) clearly and unequivocally states that it finally disposes of all claims and all parties. *Id.* at 205. We determine finality of an order by looking at its language and the record in the case. *Id.* at 195, 205-06.

Based on our review of the order and the record, we conclude the order is appealable. Although the order does not state that it is "final and appealable," it states explicitly that "*all* of [Chehab]'s claims are dismissed with prejudice to refiling of same." Chehab and Edgewood were the only parties in this case. Edgewood sought summary judgment on Chehab's claims, and the trial court granted Edgewood's motion, dismissing "all" of Chehab's claims with prejudice. The text of the order shows it was intended to, and did, dispose of all parties and

5

claims then properly before the trial court.[1]  Accordingly, the summary judgment order is final and appealable, and we have jurisdiction.  *See id.*

2.    *Chehab's second amended petition does not undermine the order's finality because it was not timely filed.*

In part of his second issue, liberally construed, Chehab suggests that the order did not dispose of all claims because he asserted a claim for intentional infliction of emotional distress in his second amended petition, which Edgewood's motion did not address.  Edgewood responds that Chehab's second amended petition was not timely and therefore was not before the court when it ruled.  We agree with Edgewood.

A party may amend its pleading within seven days of trial only after obtaining leave of court.  Tex. R. Civ. P. 63.  A summary judgment hearing is considered a "trial" for rule 63 purposes.  *See Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988).  Chehab filed his second amended petition on December 13, 2019, and the summary judgment hearing occurred three days later, on December 16, 2019.  Therefore, the second amended petition was untimely.

Our record does not indicate that Chehab sought or was granted leave of court to file his untimely second amended petition.  An appellate court will presume leave was granted to file an amended pleading when an order states that all pleadings were considered, the record does not indicate that an amended pleading was not

---

[1] As noted above, the trial court struck through that portion of Edgewood's proposed judgment awarding it sanctions before signing it.  *Cf. Wasserberg v. RES-TX One, LLC*, No. 14-13-00674-CV, 2014 WL 6922545, at *4 (Tex. App.—Houston [14th Dist.] Dec. 9, 2014, pet. denied) (mem. op.) ("The court denied RES-TX summary judgment as to attorneys' fees, however, by striking out the line awarding attorneys' fees."); *Straza v. Friedman, Driegert & Hsueh, L.L.C.*, 124 S.W.3d 404, 406-07 (Tex. App.—Dallas 2003, pet. denied) (judgment was final because "[e]ven without the stricken language, [the summary judgment order] grants the corresponding motion for summary judgment in its entirety without reserving any issues for future determination").

6

considered, and the opposing party does not show surprise. *See id.*; *Mosbey v. Bowman*, No. 14-17-00321-CV, 2018 WL 1802023, at *2 (Tex. App.—Houston [14th Dist.] Apr. 17, 2018, no pet.) (mem. op.). The summary judgment in this case states that the court considered the motion, response, applicable law, and argument of counsel; however, the order does not state that the court considered all pleadings. Thus, we cannot presume that the trial court granted Chehab leave to file his second amended petition. *See Mosbey*, 2018 WL 1802023, at *2; *Markovsky v. Kirby Tower, L.P.*, No. 01-13-00516-CV, 2015 WL 8942528, at *5 (Tex. App.—Houston [1st Dist.] Dec. 15, 2015, no pet.) (mem. op.); *McIntyre v. Wilson*, 50 S.W.3d 674, 683-85 (Tex. App.—Dallas 2001, pet. denied) (holding *Goswami* presumption did not apply and plaintiff's fifth amended petition was not properly before court when it granted summary judgment on defendant's motion); *Budd v. Conroe Indep. Sch. Dist.*, No. 09-98-00520-CV, 1999 WL 652005, at *1 (Tex. App.—Beaumont Aug. 26, 1999, pet. denied) (not designated for publication) (because summary judgment order recited that trial court considered motion, response, and applicable authority and did not state that all pleadings on file were part of its consideration, appellate court could not presume that leave of court was granted). Accordingly, we conclude that Chehab's live pleading at the time of the summary judgment hearing was Chehab's first amended petition, which asserted claims for defamation and negligence, but not intentional infliction of emotional distress. As a result, the summary judgment order disposed of all pending claims and parties when it was signed.

## B. The summary judgment was proper on Chehab's defamation claim.

In his first issue, Chehab challenges the dismissal of his defamation claim. Specifically, the parties join issue on whether the lockout notice was reasonably capable of a defamatory meaning as a matter of law. Chehab argues that the notice

injured his reputation to his clients and employees and exposed Chehab to "public hatred, contempt, ridicule, or financial injury," and impeached "his honesty, integrity, or virtue."

1.    *Applicable law*

Generally, to prevail on a defamation claim, a private individual claimant must prove (1) publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015).

For Chehab to prevail, the lockout notice must be capable of defamatory meaning. *See Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 655 (Tex. 1987). Whether a publication is reasonably capable of a defamatory meaning is a question of law. *See Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 625 (Tex. 2018); *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 114 (Tex. 2000). If a statement is not reasonably capable of a defamatory meaning, the statement is not defamatory as a matter of law, and the claim fails. *Hancock v. Variyam*, 400 S.W.3d 59, 66 (Tex. 2013). This determination is not based on individual statements read in isolation; rather, a publication is defamatory if, construed as a whole in light of the surrounding circumstances, a person of ordinary intelligence would perceive it to be so. *Turner*, 38 S.W.3d at 114-15; *Durckel v. St. Joseph Hosp.*, 78 S.W.3d 576, 583 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Our inquiry is an objective one. *Tatum*, 554 S.W.3d at 624.

A statement is defamatory if it tends to injure the subject's reputation, to expose him to public hatred, contempt, ridicule, or financial injury, or to impeach his honesty, integrity, or virtue. *Johnson v. Phillips*, 526 S.W.3d 529, 534 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). The statutory definition of libel is generally consistent with the understanding of defamation as stated in case law. Tex.

8

Civ. Prac. & Rem. Code § 73.001 (defining "libel" as "defamation expressed in written or other graphic form that tends to . . . injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury").

The reasonable person is someone of "ordinary intelligence"—"a prototype of a person who exercises care and prudence, but not omniscience." *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 154, 157 (Tex. 2004). This person is "no dullard" and represents "reasonable intelligence and learning," not the "lowest common denominator." *Id*.

A statement may be false, abusive, unpleasant, or objectionable without injuring a person's reputation such that it is defamatory. *See Double Diamond, Inc. v. Van Tyne*, 109 S.W.3d 848, 854 (Tex. App.—Dallas 2003, no pet.). "Statements that neither identify the plaintiff nor set forth any wrongful conduct have no defamatory meaning." *Durckel*, 78 S.W.3d at 583 (citing *Delta Air Lines v. Norris*, 949 S.W.2d 422, 426 (Tex. App.—Waco 1997, writ denied)).

Texas adheres to a distinction between defamation "per se," or "textual defamation," and defamation "per quod," or "extrinsic defamation." *Tatum*, 554 S.W.3d at 626. Defamation per se refers to defamation that arises from the statement's text without reference to any extrinsic evidence. *Id*. Defamation per quod is defamation that *does* require reference to extrinsic circumstances. *Id*. As the Supreme Court of Texas has said, "[e]xtrinsic defamation occurs when a statement whose textual meaning is innocent becomes defamatory when considered in light of other facts and circumstances sufficiently expressed before or otherwise known to the reader." *Id*. (internal quotations omitted). We note the distinction

9

merely to observe that plaintiffs relying on extrinsic defamation "must assert as much in their petitions to present the theory at trial." *Id*. Here, Chehab's first amended petition asserts only that the lockout notice was defamatory per se and does not plead that the notice was extrinsically defamatory. Thus, we focus our legal inquiry on whether the *text* of the lockout notice is capable of defamatory meaning.

The supreme court has recently clarified that in the "textual defamation" context, defamatory meaning can arise explicitly or implicitly. *Id.* at 627-30. In either case, our inquiry regarding whether the statement is capable of defamatory meaning remains objective and, to the extent the alleged defamatory meaning arises by suggestion or implication from the express text, the "judicial task is to determine whether the meaning the plaintiff alleges arises from an objectively reasonable reading." *Id*. at 631.

2.    *Application*

The lockout notice did not identify Chehab by name or state that he had committed any wrongful or unethical conduct. It advised the "tenant" that the landlord changed the door lock and cited the relevant Property Code provision regarding notifying the tenant whom it may contact to obtain a new key.[2] The notice also stated that the lease remained in force. Chehab does not allege that the lockout notice accused him of any specific wrongful act, but we construe his argument as contending that the notice suggests or implies that he failed to pay rent timely. The notice's text is not explicitly defamatory, and we think Chehab's complaint alternatively may be fairly characterized as what the high court has described as "defamation by implication"—a subset of defamation per se. *Tatum*, 554 S.W.3d at 627.

---

[2] *See* Tex. Prop. Code § 93.002(c)(3), (f).

10

The parties cite no cases discussing whether a statutory notice such as the lockout notice at issue is defamatory, and our research has revealed none. Under the lease terms, Edgewood has the right to enforce its lease by changing the locks on a leased premise,[3] and if it chooses to do so may provide the tenant with notice similar to the one Edgewood posted.[4] *See* Tex. Prop. Code § 93.002(c)(3), (f). The lockout notice states the bare facts that the door lock had been changed and where the tenant could obtain a new key. It includes no gratuitous remarks about Chehab or any statements beyond what is reasonably expected in such a notice. We conclude that the lockout notice as a whole is not textually defamatory, either explicitly or implicitly. That is, it is not reasonably capable of a defamatory meaning because it says nothing about Chehab's reputation or occupation, nor does it expose him to public hatred, contempt, ridicule, or financial injury, or impeach his honesty, integrity, or virtue. *See Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 356 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (explaining that "a communication that is merely unflattering, abusive, annoying, irksome, or embarrassing, or that only hurts the plaintiff's feelings, is not actionable" as defamatory); *see also, e.g., Musser*, 723 S.W.2d at 655-56 (statement that former employee "relieved" his former employer of some of its accounts is not defamatory because it does not accuse employee of any wrongdoing); *San Antonio Express News v. Dracos*, 922 S.W.2d 242, 248 (Tex. App.—San Antonio 1996, no writ) (statement

---

[3] The lease describes an "Event of Default" as including the tenant's failure to timely pay rent. Upon an event of default, the landlord may change the locks within the premises.

[4] Generally, if a landlord changes the door lock of a tenant who is delinquent in paying rent, the landlord must place a written notice on the tenant's front door identifying the individual or company from whom a new key may be obtained. Tex. Prop. Code § 93.002(f). A lease may by its terms supersede this requirement, as the present lease does. *See id.* § 93.002(h). Edgewood's decision to post the notice was neither required nor prohibited by the lease.

11

that employee walked off the job without an excuse is not defamatory because it did not suggest he did anything illegal or unethical).

The lockout notice also states that the "Landlord has not elected to terminate the lease," and that the "Tenant remains liable for the full performance of the lease, including the timely payment of all monetary amounts due there under." To the extent Chehab asserts that these express statements imply or suggest to an objective person of ordinary intelligence that he breached a term of the lease by failing to pay rent, we likewise conclude that such an inference is not capable of defamatory meaning. *See Durckel*, 78 S.W.3d at 585 ("If an ordinary person cannot ascribe the defamatory meaning through innuendo, the words do not have a defamatory meaning."). Chehab has cited no authority holding that a statement that a person has violated a contract is defamatory per se. And we need not examine whether a statement's suggestion that another has breached a lease term by failing to pay rent is, in every instance, capable of defamatory meaning. It suffices to say here that the lockout notice posted in this case—which reflects the landlord's exercise of its contractual right to change the door lock on a leased premise—does not qualify. Otherwise, landlords would expose themselves to potential defamation liability just by exercising their contractual rights and acting consistently with the Property Code in posting appropriate notice.

The trial court did not err in granting summary judgment on Chehab's defamation claim. Chehab also asserted a claim for negligence in his first amended petition, but he does not challenge the dismissal of that claim on appeal. Thus, we affirm the judgment dismissing the negligence claim. *E.g.*, *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655-56 (Tex. 2001).

We overrule Chehab's first issue.

12

**C.    The trial court did not grant more relief than requested.**

In part of Chehab's second issue, he contends the summary judgment is error because Edgewood failed to address his claim for intentional infliction of emotional distress and, therefore, the order grants more relief than requested.

We disagree with Chehab because, as explained, his claim for intentional infliction of emotional distress was not properly before the court when Edgewood filed its motion or when the court ruled. Edgewood's motion sufficiently addressed all live claims and requested the court dismiss all claims. Therefore, the order does not grant more relief than requested. *Cf., e.g., G & H Towing Co. v. Magee*, 347 S.W.3d 293, 296-97 (Tex. 2011) (explaining that summary judgment may only be granted on grounds expressly asserted in summary judgment motion; granting summary judgment on a claim not addressed is reversible error).

We overrule Chehab's second issue.

### Conclusion

Having overruled each of Chehab's issues, we affirm the trial court's judgment.


/s/    Kevin Jewell
         Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Poissant.

13